# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAHMOUD ABDELAZIZ ABDELSATTAR | § § § § | |
| V. | § | CIVIL ACTION NO.: 4:25-cv-03554 |
| | § § | |
| DEPUTY GUSTAVO A. RUIZ-ALMARAZ | § § | |

## DEPUTY GUSTAVO A. RUIZ-ALMARAZ'S
## ORIGINAL ANSWER AND ADDITIONAL DEFENSES TO
## PLAINTIFF'S ORIGINAL COMPLAINT[1]

To the Honorable Court:

Defendant Deputy Gustavo A. Ruiz-Almaraz ("Dep. Ruiz") files this Original Answer and Additional Defenses to Plaintiff Mahmoud Abdelaziz-Abdelsattar's Original Complaint ("Plaintiff's Complaint"), respectfully showing as follows:

## GENERAL DENIAL

Dep. Ruiz denies each and every allegation contained in Plaintiff's Complaint, and in any amendments or supplements thereto, except those matters expressly admitted below, as authorized by Rule 8(b)(3) of the Federal Rules of Civil Procedure.

---

[1] *See* Pl.'s Orig. Compl. (ECF No. 1, filed Jul. 31, 2025).

# SPECIFIC ADMISSIONS AND DENIALS

In answering the allegations set forth in Plaintiff's Complaint, Dep. Ruiz responds to each numbered paragraph in the order presented. The use of Plaintiff's headings, subheadings, and/or organizational structure in this Answer is solely for clarity and convenience in responding, and shall not be construed as an admission of their accuracy, relevance, legal effect, etc. To the extent any of Plaintiff's headings, subheadings, and/or titles are construed as factual allegations, Dep. Ruiz denies them.

Subject to the foregoing, and pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Dep. Ruiz makes the following specific admissions and denials in response to Plaintiff's Complaint:

### *Plaintiff's Complaint and Jury Demand*

1. Dep. Ruiz admits that Plaintiff has filed a lawsuit against him. Dep. Ruiz denies the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint, together with any subparagraphs or bullet points.

2. Dep. Ruiz admits that Plaintiff seeks damages in this case. Dep. Ruiz denies the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint.

**1. Jurisdiction and Venue**

3. Dep. Ruiz admits that this Court has federal question jurisdiction over constitutional claims under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Dep. Ruiz admits venue is proper in this Court under 28 U.S.C. § 1391(b). Dep. Ruiz denies

the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint and denies that Plaintiff has stated a plausible claim.

## 2. Parties

### 2.1 Plaintiff

4. Dep. Ruiz lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and therefore denies.

### 2.2 Defendant

5. Dep. Ruiz admits that he is a patrol deputy employed by the Fort Bend County Sheriff's Office. Dep. Ruiz admits that he has been sued in his individual capacity in this proceeding and acted under color of state law. Dep. Ruiz denies the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Dep. Ruiz lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint and therefore denies.

7. Dep. Ruiz admits he filed a Rule 12 motion to dismiss in Civil Action No. 4:25-cv-00169 and was represented by Rolf Frank Krueger II. Dep. Ruiz denies the remaining allegations set forth in paragraph 7 of Plaintiff's Complaint.

## 3. Factual Background

8. Dep. Ruiz admits he responded to a call on October 2, 2024, at 15603 Oleta Lane, Sugar Land, Texas. Dep. Ruiz denies the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Dep. Ruiz denies the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Dep. Ruiz denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Dep. Ruiz denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Dep. Ruiz denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Dep. Ruiz denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

**3.1 Procedural History**

14. Dep. Ruiz admits Plaintiff previously filed a lawsuit against him in Civil Action No. 4:25-cv-00169. Dep. Ruiz denies the remaining allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Dep. Ruiz admits Plaintiff's prior lawsuit was dismissed without prejudice. Dep. Ruiz denies the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Dep. Ruiz denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

## 4. Causes of Action

### 4.1 Count 1: Unlawful Arrest (Fourth Amendment)

17. Dep. Ruiz denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Dep. Ruiz denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Dep. Ruiz denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Dep. Ruiz denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Dep. Ruiz denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Dep. Ruiz denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Dep. Ruiz denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Dep. Ruiz denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Dep. Ruiz denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Dep. Ruiz denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Dep. Ruiz denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Dep. Ruiz denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Dep. Ruiz denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Dep. Ruiz denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Dep. Ruiz denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Dep. Ruiz denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Dep. Ruiz denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Dep. Ruiz denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Dep. Ruiz denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Dep. Ruiz denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Dep. Ruiz denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Dep. Ruiz denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Dep. Ruiz denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Dep. Ruiz denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Dep. Ruiz denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Dep. Ruiz denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Dep. Ruiz denies the allegations set forth in paragraph 43 of Plaintiff's Complaint, including the subparagraphs and bullet points therein.

44. Dep. Ruiz denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Dep. Ruiz denies the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. Dep. Ruiz denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. Dep. Ruiz denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. Dep. Ruiz denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. Dep. Ruiz denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Dep. Ruiz denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. Dep. Ruiz denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Dep. Ruiz denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. Dep. Ruiz denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. Dep. Ruiz denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. Dep. Ruiz denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. Dep. Ruiz denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

**4.2 Count 2: Discriminatory Treatment (Fourteenth Amendment)**

57. Dep. Ruiz denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58. Dep. Ruiz denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59. Dep. Ruiz denies the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Dep. Ruiz denies the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. Dep. Ruiz denies the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62. Dep. Ruiz denies the allegations set forth in paragraph 62 of Plaintiff's Complaint.

63. Dep. Ruiz denies the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64. Dep. Ruiz denies the allegations set forth in paragraph 64 of Plaintiff's Complaint.

**4.3 Count 3: Excessive Use of Force (Fourth and Eighth Amendment)**

65. Dep. Ruiz denies the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66. Dep. Ruiz denies the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67. Dep. Ruiz denies the allegations set forth in paragraph 67 of Plaintiff's Complaint.

68. Dep. Ruiz denies the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69. Dep. Ruiz denies the allegations set forth in paragraph 69 of Plaintiff's Complaint.

70. Dep. Ruiz denies the allegations set forth in paragraph 70 of Plaintiff's Complaint.

71. Dep. Ruiz denies the allegations set forth in paragraph 71 of Plaintiff's Complaint.

72. Dep. Ruiz denies the allegations set forth in paragraph 72 of Plaintiff's Complaint.

73. Dep. Ruiz denies the allegations set forth in paragraph 73 of Plaintiff's Complaint.

74. Dep. Ruiz denies the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75. Dep. Ruiz denies the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76. Dep. Ruiz denies the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77. Dep. Ruiz denies the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78. Dep. Ruiz denies the allegations set forth in paragraph 78 of Plaintiff's Complaint.

79. Dep. Ruiz denies the allegations set forth in paragraph 79 of Plaintiff's Complaint.

80. Dep. Ruiz denies the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81. Dep. Ruiz denies the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82. Dep. Ruiz denies the allegations set forth in paragraph 82 of Plaintiff's Complaint.

83. Dep. Ruiz denies the allegations set forth in paragraph 83 of Plaintiff's Complaint.

84. Dep. Ruiz denies the allegations set forth in paragraph 84 of Plaintiff's Complaint.

**4.4 Count 4: Fabrication of Evidence (Fourteenth Amendment)**

85. Dep. Ruiz denies the allegations set forth in paragraph 85 of Plaintiff's Complaint.

86. Dep. Ruiz denies the allegations set forth in paragraph 86 of Plaintiff's Complaint.

87. Dep. Ruiz denies the allegations set forth in paragraph 87 of Plaintiff's Complaint.

88. Dep. Ruiz denies the allegations set forth in paragraph 88 of Plaintiff's Complaint.

89. Dep. Ruiz denies the allegations set forth in paragraph 89 of Plaintiff's Complaint.

90. Dep. Ruiz denies the allegations set forth in paragraph 90 of Plaintiff's Complaint.

91. Dep. Ruiz denies the allegations set forth in paragraph 91 of Plaintiff's Complaint.

92. Dep. Ruiz denies the allegations set forth in paragraph 92 of Plaintiff's Complaint.

93. Dep. Ruiz denies the allegations set forth in paragraph 93 of Plaintiff's Complaint.

94. Dep. Ruiz denies the allegations set forth in paragraph 94 of Plaintiff's Complaint.

95. Dep. Ruiz denies the allegations set forth in paragraph 95 of Plaintiff's Complaint.

96. Dep. Ruiz denies the allegations set forth in paragraph 96 of Plaintiff's Complaint.

97. Dep. Ruiz denies the allegations set forth in paragraph 97 of Plaintiff's Complaint.

98. Dep. Ruiz denies the allegations set forth in paragraph 98 of Plaintiff's Complaint.

99. Dep. Ruiz denies the allegations set forth in paragraph 99 of Plaintiff's Complaint.

100. Dep. Ruiz denies the allegations set forth in paragraph 100 of Plaintiff's Complaint.

101. Dep. Ruiz denies the allegations set forth in paragraph 101 of Plaintiff's Complaint.

## 5. Qualified Immunity Inapplicable

102. Dep. Ruiz denies the allegations set forth in paragraph 102 of Plaintiff's Complaint.

103. Dep. Ruiz denies the allegations set forth in paragraph 103 of Plaintiff's Complaint.

104. Dep. Ruiz denies the allegations set forth in paragraph 104 of Plaintiff's Complaint.

105. Dep. Ruiz denies the allegations set forth in paragraph 105 of Plaintiff's Complaint.

## 6. Damages as a direct result of Defendant's actions, Plaintiff has suffered the following

106. Dep. Ruiz denies the allegations set forth in paragraph 106 of Plaintiff's Complaint.

107. Dep. Ruiz denies the allegations set forth in paragraph 107 of Plaintiff's Complaint.

108. Dep. Ruiz denies the allegations set forth in paragraph 108 of Plaintiff's Complaint.

109. Dep. Ruiz denies the allegations set forth in paragraph 109 of Plaintiff's Complaint.

110. Dep. Ruiz denies the allegations set forth in paragraph 110 of Plaintiff's Complaint.

111. Dep. Ruiz denies the allegations set forth in paragraph 111 of Plaintiff's Complaint.

## 7. Jury Demand

112. Dep. Ruiz admits Plaintiff has demanded a jury trial.

## 8. Prayer for Relief

113. Dep. Ruiz denies the allegations set forth in paragraph 113 of Plaintiff's Complaint, including the subparagraphs and bullet points therein.

## Certification

1. Dep. Ruiz denies the allegations set forth in paragraph 1 under the 'Certification' subheading of Plaintiff's Complaint.

2. Dep. Ruiz denies the allegations set forth in paragraph 2 under the 'Certification' subheading of Plaintiff's Complaint.

3. Dep. Ruiz denies the allegations set forth in paragraph 3 under the 'Certification' subheading of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

Subject to the foregoing, Dep. Ruiz asserts the following additional and/or affirmative defenses under Rule 8:

1. **Failure to State a Claim:** Plaintiff has failed to state a claim upon which relief can be granted and his Complaint should be dismissed under Rule 12 of the Federal Rules of Civil Procedure.

2. **Qualified Immunity:** Dep. Ruiz is shielded by and asserts the defense of qualified immunity — a defense from both suit and liability.

Qualified immunity protects government officials performing discretionary functions from liability under Section 1983 unless their conduct violates clearly established constitutional or statutory rights of which a reasonable person would have known. At all relevant times, Dep. Ruiz acted within the scope of his authority, in good faith, and in an objectively reasonable manner. His actions did not violate any rights, much less clearly established rights. Accordingly, he is entitled to qualified immunity.

3. **Good Faith:** At all times relevant, Dep. Ruiz's actions were lawful, reasonable, and justified under the circumstances.

4. **Limited Discovery:** Dep. Ruiz asserts qualified immunity both as a defense to suit, liability, and as a bar to discovery beyond what is necessary to resolve the immunity question. Discovery should, therefore, be limited to the factual disputes relevant to Dep. Ruiz's entitlement to the defense of qualified immunity. *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023).

5. **State-Law Claims:** To the extent Plaintiff has asserted any state law claims, they are barred by Dep. Ruiz's official and/or governmental immunity. Moreover, state law claims are not cognizable under Section 1983.

6. **No Deprivation of Rights Occurred:** Plaintiff was not deprived of a right secured by the Constitution or the laws of the United States, or any other right, privilege, statute, rule, amendment, or law. Plaintiff suffered no violation of any right based on Dep. Ruiz's actions or inactions.

7. **Reasonable Force:** Any force used by Dep. Ruiz was objectively reasonable in light of the totality of circumstances including the severity of the suspected offense, perceived threat, and Plaintiff's resistance or flight.

8. **Reasonable Suspicion and/or Probable Cause:** Plaintiff's detention and arrest was supported by reasonable suspicion and/or probable cause.

9. **Legal Justification:** A legal justification existed for all of Dep. Ruiz's actions.

10. **Plaintiff's Illegal Conduct:** Dep. Ruiz asserts that any injury, loss, or damage alleged by Plaintiff was directly and proximately caused, or substantially contributed to, by Plaintiff's own unlawful, wrongful, negligent, or reckless conduct. Plaintiff may not recover damages under Section 1983 for injuries that are the direct result of Plaintiff's own criminal or wrongful conduct.

11. **Unclean Hands with Respect to Expunction:** Plaintiff has attempted to expunge, conceal, or otherwise alter official records relevant to the events alleged, and now seeks to base his claims upon that same conduct. Plaintiff should not be permitted to benefit from his own illegal or wrongful acts. Accordingly, Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. Further, Plaintiff's conduct estops him from asserting the claims alleged. By attempting to manipulate or expunge records and then bringing this lawsuit, Plaintiff has engaged in inequitable conduct that misleads or prejudices Dep. Ruiz. Plaintiff is therefore barred, under the doctrine of equitable estoppel, from obtaining relief in this action.

12. **Limitation on the Amount of Liability:** Dep. Ruiz affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiff's claims, alleged injuries, and/or alleged damages.

13. **Failure to Mitigate:** Plaintiff failed to mitigate his damages — if any.

14. **No Injuries or Damages Suffered:** Plaintiff did not suffer any injury or damage as a result of any improper act or omission committed by Dep. Ruiz.

15. **Comparative and Proportionate Responsibility:** The incident at issue – and the damages which Plaintiff seeks to recover in this proceeding – were the sole result of his own actions or the acts of others, not Dep. Ruiz.

16. **Pre-Existing Injuries and Conditions:** The injuries and damages claimed by Plaintiff in this proceeding are due to injuries and conditions that existed before the incident which forms the basis of this lawsuit.

17. **Paid and Incurred Medical Expenses:** To the extent Plaintiff seeks recovery of medical bills, expenses, and services — recovery is limited to amounts actually paid or incurred. Consistent with this principle, Dep. Ruiz is entitled to a credit or offset for any medical charges that were written off or incurred by others.

18. **Intervening or new and Independent Cause:** The sole and proximate cause of Plaintiff's damages or injuries – if any – resulted from an intervening or new and independent cause not reasonably foreseeable to Dep. Ruiz. Such separate and independent events or agencies destroyed a causal connection between any action on part of Dep. Ruiz and Plaintiff's damages or injuries — if any.

19. **Punitive and/or Exemplary Damages:** Dep. Ruiz denies any and all allegations of gross negligence, knowing conduct, intentional and/or wanton behavior, discrimination, malice, and/or other conduct which the Plaintiff may argue form the basis for any entitlement to any punitive and/or exemplary damages. Additionally, Punitive damages – if any – are unconstitutional in this proceeding to the extent they are assessed:

    (a) In an amount left to the discretion of the judge and/or jury;

    (b) In any decision representing less than a unanimous verdict;

    (c) Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt;

    (d) Where the standard of guilt is not clearly defined; and/or

    (e) Where the assessment of punitive or exemplary damages differs from defendant to defendant and treats similarly situated defendants materially different.

20. **Reservation of Rights:** Dep. Ruiz reserves the right to amend this answer and add additional defenses as developments or discovery may warrant.

21. **Burden of Proof:** Dep. Ruiz does not bear the burden of proof in connection with any of these defenses unless identified as an affirmative defense pursuant to the Federal Rules of Civil Procedure or another statute.

## JURY DEMAND

Dep. Ruiz demands a jury trial on all triable issues. Fed. R. Civ. P. 5(d), 38(b).

## PRAYER

Wherefore, Dep. Ruiz respectfully requests that, upon final hearing, the Court enter judgment that: (1) Plaintiff take nothing on his claims and causes of action; (2) all costs of court be taxed against Plaintiff under 42 U.S.C. § 1988; and (3) Dep. Ruiz be granted such other and further relief, at law or in equity, including but not limited to attorneys' fees, costs, and expenses, as he may be justly entitled.

Respectfully submitted,

Bridgette Smith-Lawson
Fort Bend County Attorney

By: */s/ Rolf F. Krueger*
    Rolf F. Krueger
    Attorney-in-Charge
    State Bar No. 24080990
    Federal ID No. 3041756
    *rolf.krueger@fortbendcountytx.gov*
    Andrew F. Wipke
    State Bar No. 24090824
    Federal ID No. 3920393
    *andrew.wipke@fortbendcountytx.gov*
    Fort Bend County Attorney's Office
    401 Jackson Street, 3rd Floor
    Richmond, Texas 77469
    (281) 341-4555
    (281) 341-4557 (Fax)

ATTORNEYS FOR DEFENDANT
DEP. GUSTAVO A. RUIZ-ALMARAZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the parties and counsel identified on the attached service list by electronic service on this the 11th day of September, 2025.

*/s/ Rolf F. Krueger*
Rolf F. Krueger

## SERVICE LIST

Mahmoud Abdelaziz Abdelsattar
14400 US-59, Unit 1409
Humble, Texas 77369
*m.abdelaziz.eg.com@gmail.com*