United States Courts
Southern District of Texas
FILED

SEP 30 2025

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Mahmoud Abdelaziz Abdelsattar, | § § | |
| *Plaintiff(s),* | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-03554 |
| Gustavo A Ruiz-Almaraz, | § § § | |
| *Defendant(s).* | § | |

# PLAINTIFF'S JOINT DISCOVERY / CASE-MANAGEMENT PLAN

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

    **RESPONSE:** Pursuant to Rule 26(f), the parties met on September 24, 2025, at 11:00 a.m. via telephone conference, following a request by the Defendant to conduct the meeting remotely, to which the Plaintiff agreed. Attending on behalf of the Plaintiff was Mahmoud Abdelaziz Abdelsattar, self-represented litigant. Attending on behalf of the Defendant were: 1. Rolf F. Krueger, Lead Counsel for the Defendant; 2. Andrew F. Wipke.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

    **RESPONSE:** No related cases are presently pending before any state or federal court. The sole related matter, Case No. 4:25-mc-01395, was assigned to the Honorable George C. Hanks, Jr., United States District Judge, within the Southern District of Texas, and pertained to the Plaintiff's motion to proceed in forma pauperis. This matter has been resolved with the Court's approval, allowing the civil action to proceed, and is integrally connected to the underlying proceedings

1

herein.

3. <u>Briefly</u> describe what this case is about.

>**RESPONSE:** This case, Civil Action No. 4:25-cv-03554, is a civil rights action brought by the pro se Plaintiff, Mahmoud Abdelaziz Abdelsattar, against Defendant Deputy Gustavo A. Ruiz-Almaraz, pursuant to 42 U.S.C. § 1983, alleging violations of the Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. The Plaintiff claims that on October 2, 2024, at approximately 10:00 p.m., the Defendant, acting with malicious intent, unlawfully arrested and searched him without probable cause or a warrant, discriminated against him based on his national origin and accented English, used excessive force causing severe physical injuries including a fracture in the left arm, spinal issues, and psychological trauma resulting in his placement in a suicide watch room during the 24 hours spent in custody, falsified an official police report, and wrongfully sought his incarceration by prematurely classifying the incident as a Class A crime while disregarding exculpatory evidence.[1]
>
>Defendant categorically denies Plaintiff's allegations. At all times relevant to this matter, Defendant acted lawfully, within the scope of his authority, and without violating any clearly established constitutional right.

4. Specify the allegation of federal jurisdiction.

---

[1] **Note** that the expunction order issued by the court has left the Defendant without any evidence related to the incident; however, the Defendant possesses the internal affairs investigation and communications with the District Attorney's office regarding the administrative and criminal investigation. Supporting evidence includes judicial rulings of no probable cause, body-cam footage, and medical reports. The matter is pending before the United States District Court for the Southern District of Texas, Houston Division, with an Initial Pretrial and Scheduling Conference scheduled for October 17, 2025, before Judge Lee H. Rosenthal.

**RESPONSE:** The parties have stipulated to the jurisdiction of this Court. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983. Additionally, jurisdiction is conferred under 28 U.S.C. § 1343(a)(3) for claims alleging deprivation of civil rights. Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Sugar Land and the area between Sugar Land and Fort Bend County, including within a police vehicle driven by Deputy Gustavo A. Ruiz-Almaraz, all within this judicial district.

5. Identify any issues as to service of process, personal jurisdiction, or venue.

    **RESPONSE:** The parties have identified no issues regarding service of process, personal jurisdiction, or venue. Service of process has been duly effectuated upon the Defendant, Deputy Gustavo A. Ruiz-Almaraz, through Constable Precinct 4 of Fort Bend County and the United States Marshal, pursuant to the Court's prior Order [Case No. 4:25-mc-01395]. The Defendant has filed a response and actively participated in the proceedings, as evidenced by Docket Entry No. 14, filed on September 11, 2025. Personal jurisdiction is not contested, as the Defendant resides and performs official duties within the Southern District of Texas, where the alleged incidents occurred. Venue is appropriately established in this district under 28 U.S.C. § 1391(b), given that the events giving rise to the claims transpired in Sugar Land and the area between Sugar Land and Fort Bend County, Texas.

6. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

    **RESPONSE:** The Plaintiff anticipates the potential inclusion of the Fort Bend County Sheriff's Office in his official capacity as an additional party. The

3

proposed addition will be sought following the initial discovery phase on December 15, 2025, the deadline set forth in the Proposed Scheduling and Docket Control Order. The Defendant has not identified any anticipated additional parties at this stage. No class or collective-action certification issues are present or anticipated, as this action involves only individual claims by the Plaintiff, Mahmoud Abdelaziz Abdelsattar, against the Defendant, Deputy Gustavo A. Ruiz-Almaraz, and does not involve a class of plaintiffs or collective action under Rule 23 or any similar provision of the Federal Rules of Civil Procedure.

7. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

**RESPONSE:** The Plaintiff has already served his initial disclosures together with the original complaint, and Defendants' counsel received them in full. These disclosures included: (i) the official police report for the incident, (ii) judicial rulings finding no probable cause and granting an expunction order, (iii) body-camera video content, (iv) jail medical reports confirming psychological harm, (v) other medical records, (vi) the internal-affairs finding of negligence, (vii) a preliminary damages estimate, and (viii) a list of potential witnesses. The parties agree that Defendants will serve their Rule 26(a) initial disclosures by **October 24, 2025** (one week after the Rule 16 conference set for October 17, 2025). Plaintiff anticipates serving written discovery (interrogatories, requests for production, and requests for admission) by **November 1, 2025**, with responses due by **December 1, 2025**, allowing adequate time for depositions and expert designations within the discovery period set to close on **February 28, 2026**.

8. Describe the proposed discovery plan, including:

**RESPONSE:** The parties propose a discovery plan that is proportional to the

4

needs of this civil rights case under 42 U.S.C. § 1983. The plan emphasizes early and phased discovery focused on the core allegations of unlawful arrest, discrimination, excessive force, falsification of records, and malicious prosecution, while taking into account the Plaintiff's pro se status and potential international travel.

9. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

   **RESPONSE:** The parties conferred on September 24, 2025, regarding the matters required by Rule 26(f). They agreed that discovery will include electronically stored information (ESI), such as police body-camera footage, reports, and medical records. ESI will be produced in searchable PDF or native format, with metadata preserved when relevant. The parties will seek a clawback order under Fed. R. Evid. 502(d) to protect privileged materials. Discovery will begin after the Rule 16 Conference on October 17, 2025, with initial disclosures due by October 24, 2025. To minimize costs, the parties agreed to focus first on readily accessible materials and to stipulate to basic undisputed facts where possible. No disputes over electronic discovery have been identified at this time; any arising issues will be raised with the Court through a pre-motion conference

   **Defendant** intends to seek a stay of discovery and filing a motion for summary judgment under Rule 56 in the coming months on the basis of qualified immunity. In light of the Fifth Circuits directive that qualified immunity is not merely a defense to liability but an immunity from suit, discovery, if any, following the filing of such a motion should be narrowly tailored and strictly limited to issues necessary for the Court to resolve Defendant entitlement to qualified immunity.**Defendant** seeks permission to file and rely upon records subject to the

expunction order in connection with his forthcoming Rule 56 motion for summary judgment, as they are essential to a full and fair presentation of his defenses.²

---

² **Clarification Regarding Expunged Records and Plaintiff's Video Evidence**

**1. Expunged Records**

At the meeting of the parties required by Rule 26(f), Defense counsel stated that he and/or the Fort Bend County Sheriff's Office still have the videos and all records despite the February 7, 2025, Expunction Order entered by the Fort Bend County District Court. The Sheriff's Office and the District Attorney's Office have already issued compliance certificates confirming that such records were destroyed in full. Any such retention or reliance would constitute a direct violation of a binding state court order, and Such evidence constitutes willful misconduct.

Plaintiff emphasizes that under Tex. Code Crim. Proc. art. 55.03, expunged records are to be treated "as if they never existed" and are barred from use or reference in any proceeding. This statutory prohibition is absolute and non-waivable.

Plaintiff's inclusion of the official police report in his initial disclosures was solely for the limited purpose of demonstrating fabrication and inconsistencies with contemporaneous video evidence. Such disclosure does not constitute waiver of expunction protections. Defendants remain barred from relying on or introducing expunged records for any purpose. If they attempt to do so, Plaintiff will will respond appropriately. under Fed. R. Civ. P. 11 and 37, and, if necessary, request contempt proceedings in the issuing state court.

**2. Plaintiff's Video Evidence**

Separately, Plaintiff has preserved critical video evidence, including body-camera footage and related recordings. To protect the integrity of discovery and ensure that sworn testimony is not shaped by prior exposure to the videos, Plaintiff will withhold production of this evidence until after depositions and interrogatories are completed. This phased sequencing is fully consistent with the Federal Rules of Civil Procedure, which expressly permit discovery to be structured in phases.

Plaintiff reserves the right to disclose the videos at the appropriate stage of discovery, or earlier with leave of Court if necessary, and will ensure full compliance with the Court's scheduling order.These recordings are indispensable to proving the fabrication of official records and will be presented at the proper stage to resolve any dispute as to liability and qualified immunity.

"If the video evidence **"blatantly contradicts"** the officer's version of events, a court is not required to accept the officer's account for the purposes of summary judgment. see *(Scott v. Harris, 550 U.S. 372 (2007)*

6

10. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

> **RESPONSE:** The Plaintiff anticipates serving up to 50 interrogatories and requests for production on Defendant Deputy Gustavo A. Ruiz-Almaraz by November 1, 2025. The expanded number is justified by the complexity of the constitutional claims, including unlawful arrest, discrimination, excessive force, falsification of records, and malicious prosecution.

11. When and to whom the defendant anticipates it may send interrogatories and requests for production.

> **RESPONSE:** The Defendant anticipates serving up to 25 interrogatories and requests for production on the Plaintiff, Mahmoud Abdelaziz Abdelsattar, by November 20, 2025, focusing on the Plaintiff's claims, damages, and supporting evidence.

12. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

> **RESPONSE:** The Plaintiff anticipates taking oral depositions of Defendant Deputy Gustavo A. Ruiz-Almaraz, supervising officers, other relevant Fort Bend County law enforcement personnel, and civilian witnesses to the October 2, 2024 incident by **January 15, 2026**. Depositions may be conducted remotely via Zoom, under Rule 30(b)(4), to reduce costs and logistical burdens. The Plaintiff reserves the right to adjust the scope, timing, or number of interrogatories and depositions, with leave of Court, if Defendants fail to cooperate or new issues arise during discovery.

13. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

> **RESPONSE:** From Plaintiff's perspective, Plaintiff intends to move for partial

7

summary judgment on liability after targeted discovery, limited to two core issues: (1) that the Defendant unlawfully arrested the Plaintiff without probable cause; and (2) that the Defendant fabricated the official police report with malicious intent to justify the arrest and wrongful incarceration, that constitutes a clear violation of established constitutional rights, thereby negating any qualified immunity defense. Because the Defendant was already subjected to both a crime investigation and internal-affairs investigations resulting in findings that are **SUSTAINED**, targeted discovery—particularly Defendant's sworn deposition and related records—is essential to conclusively establish liability and to resolve immunity at an early stage. Plaintiff further objects to any reliance on expunged records, which are barred by statute, and maintains that Defendant bears the burden of showing probable cause without resorting to prohibited evidence.

From Defendant's perspective, there are three threshold issues. First, Defendant's entitlement to qualified immunity, which should be resolved at the earliest possible stage. Second, because qualified immunity is an immunity from suit — not merely a defense to liability — should discovery be stayed and/or limited pending the Court's ruling on Defendant's Rule 56 motion for summary judgment which will be filed in the very near future. Third, Plaintiff&#39;s prior expunction order. Defendant seeks permission to file and rely upon records subject to the expunction order in connection with his forthcoming Rule 56 motion for summary judgment, as they are essential to a full and fair presentation of his defenses.

14. Any experts needed on issues other than attorneys' fees.

> **RESPONSE:** Experts are needed on issues other than attorneys' fees, specifically medical and psychological experts to address the Plaintiff's injuries and trauma, and an economic expert to quantify damages, including lost income, reputational

harm, and future opportunities.

15. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

> **RESPONSE:** Medical experts will include both treating physicians (documenting the Plaintiff's left arm fracture, spinal injuries, and psychological trauma that led to suicide watch placement in jail) and designated experts to testify on the long-term medical and psychological effects of excessive force and discriminatory conduct.

16. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

> **RESPONSE:** The Plaintiff will designate experts and serve reports by **January 15, 2025**. The Defendant will designate responsive experts and serve reports by **February 15, 2025**, in line with the deadlines set in the Proposed Scheduling and Docket Control Order.

17. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

> **RESPONSE:** The Plaintiff anticipates taking the following expert depositions:
>
> A. **Psychological** expert, to confirm the Plaintiff's PTSD, anxiety, and harm documented in jail psychiatric reports.
>
> B. **Medical expert,** to testify on the Plaintiff's physical injuries, including spinal damage, head/neck trauma, and fracture in the left arm.
>
> C. **Economic expert,** to address damages such as lost income, reputational harm, expunction costs, and academic/professional setbacks.
>
> These expert depositions are expected to be completed by February 31, 2026, and may be conducted remotely by Zoom under Rule 30(b)(4).

9

18. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

> **RESPONSE:** Defendant does not believe expert testimony is necessary. and reserves the right to designate experts as needed. Such experts may include medical experts. Defendant stated that At this stage, the timing of such depositions cannot be determined, as it will depend on Plaintiff's expert designations and the Court's rulings regarding the scope of discovery. Defendant does not agree to depose any witness, including experts, by remote means unless absolutely necessary.

19. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

> **RESPONSE:** Not applicable, as this case does not involve unincorporated entities such as an LLC or LLP.

20. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

> **RESPONSE:** The Defendant seeks to rely on expunged and prohibited records, while the Plaintiff firmly objects, invoking the binding expunction order. The Plaintiff insists that discovery proceed before any motion for summary judgment, or at minimum include targeted discovery of the internal affairs investigation that disciplined the Defendant officer—records which the Sheriff's Office has acknowledged exist but refused to produce. Defendant, by contrast, seeks to halt or stay discovery entirely based on qualified immunity. The Plaintiff has preserved critical video evidence and the official police report solely to prove fabrication and falsification, and expressly rejects any attempt by Defendant to use expunged or unlawfully retained records. The Plaintiff also seeks a reasonable

and efficient schedule, while Defendant presses for extended deadlines citing counsel's workload and other cases.

21. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **RESPONSE:** None to date beyond the Plaintiff's voluntary sharing of key documents.

22. State the date the planned discovery can reasonably be completed.

   **RESPONSE:** The discovery can reasonably be completed by February 28, 2026, in accordance with the deadlines set forth in the Proposed Scheduling and Docket Control Order.

23. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

   **RESPONSE:** During the Rule 26(f) conference, the parties discussed the possibility of settlement. At this stage, the Plaintiff believes that meaningful resolution outside of court is not feasible due to the seriousness of the constitutional violations alleged, the extent of the damages claimed, and the disparity between the Plaintiff's claims and the Defendant's position. The parties did not reach any agreement on settlement, and no alternative dispute resolution (ADR) process has been scheduled at this time.

   The Plaintiff remains open to good-faith discussions if Defendants present a serious and reasonable proposal, but otherwise anticipates that resolution of this case will require judicial determination after discovery.

24. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

   **RESPONSE:** The parties have discussed ADR. Mediation may be appropriate, but is unlikely to be effective until discovery is complete and the facts and damages are fully developed.

25. Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

> **RESPONSE:** The Plaintiff does not consent to trial before a magistrate judge. Plaintiff requests trial before United States District Judge Lee H. Rosenthal (Senior).

26. State whether a jury demand has been made and if it was made on time.

> **RESPONSE:** At this time, the parties do not consent to a trial before a magistrate judge.

27. Specify the number of hours it will likely take to present the evidence.

> **RESPONSE:** Plaintiff and Defendant have made timely jury demands.

28. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

> **RESPONSE:** Plaintiff's motion for CM/ECF access (Docket pending).

1. **List other pending motions.**

> **RESPONSE:** Plaintiffs motion for CM/ECF access. None for Defendant.

29. List issues or matters, including discovery, that should be addressed at the conference.

> **RESPONSE:** The parties request that the Court address the scope and sequencing of discovery, including: (1) confirmation that initial disclosures are completed by October 24, 2025; (2) deadlines for written discovery (interrogatories, requests for production, and admissions) by November 2025; (3) deadlines for depositions of fact witnesses by January 2026; and (4) deadlines for expert designations and reports by January 15, 2026 (Plaintiff) and February 15, 2026 (Defendant). The parties also request the Court to resolve disputes over the admissibility and use of expunged records, and to finalize the discovery cutoff (February 28, 2026) consistent with the scheduling order.

30. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

> **RESPONSE:** Plaintiff certifies that the Disclosure of Interested Persons has been filed in compliance with the Court's order.

31. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

For Plaintiff, Mahmoud Abdelaziz Abdelsattar

> P.O. Box 2708
> Humble, TX 77347
> 631-739-5972
> m.abdelaziz.eg.com@gmail.com
> PRO SE (Self-represented)

For Defendants' Counsel: Rolf Frank Krueger, II

> Fort Bend County Attorney's Office
> 401 Jackson Street
> 3rd Floor
> Richmond, TX 77469
> 281-341-4555
> Email: rolf.krueger@fortbendcountytx.gov
> *LEAD ATTORNEY*
> *ATTORNEY TO BE NOTICED*

| MAHMOUD ABDELAZIZ | SEPTEMBER 30, 2025 |
|---|---|
| for Plaintiff(s) | Date |

//S// MAHMOUD ABDELAZIZ

## Certificate of Service

I hereby certify that on [SEPTEMBER 30, 2025 ] a true and correct copy of the foregoing [Joint Discovery and Case Management Plan / Plaintiff's Discovery and Case Management Plan] was served on all counsel of record via electronic service through the Court's CM/ECF system and by email, pursuant to Federal Rule of Civil Procedure 5(b).

Served on:
**1. Rolf Frank Krueger , II**
Fort Bend County Attorney's Office
*State Bar No. 24080990*
*Federal ID No. 3041756*
*rolf.krueger@fortbendcountytx.gov*

**2. Andrew Wipke**
*State Bar No. 24090824*
*Federal ID No. 3920393*
*andrew.wipke@fortbendcountytx.gov*
*Fort Bend County Attorney&#39;s Office*
*401 Jackson Street, 3rd Floor*
*Richmond, Texas 77469*
*(281) 341-4555*