# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAHMOUD ABDELAZIZ ABDELSATTAR | § § § § | |
| V. | § | CIVIL ACTION NO.: 4:25-cv-03554 |
| | § § | |
| DEPUTY GUSTAVO A. RUIZ-ALMARAZ | § § | |

## DEFENDANT'S DISCOVERY / CASE-MANAGEMENT PLAN

Defendant Deputy Gustavo A. Ruiz-Almaraz's ("Defendant") submits this Joint Discovery / Case Management Plan in advance of the initial scheduling conference, respectfully showing as follows:

1. State when and how the meeting of the parties required by Rule 26(f) was held and identify the counsel or self-represented litigant who attended for each party.

    - **Date and Time:** Tuesday, September 24, 2025, at 11:00 a.m.

    - **Manner:** Telephone Conference

    **Participants:**

    - **For Plaintiff:**
      Self-Represented
      P.O. Box 2706
      Humble, Texas 77347

    - **For Defendant:**
      Rolf F. Krueger
      Andrew F. Wipke
      Fort Bend County Attorney's Office
      401 Jackson Street, 3rd Floor
      Richmond, Texas 77469

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

   **RESPONSE:** Defendant is unaware of any cases pending in any state or federal court related to this matter.

3. Briefly describe what this case is about.

   **RESPONSE:** Plaintiff contends on October 2, 2024, at approximately 10:00 p.m., the Defendant, acting with malicious intent, unlawfully arrested and searched him without probable cause or a warrant, discriminated against him based on his national origin and accented English, used excessive force causing severe physical injuries including a fracture to the left arm, spinal issues, and psychological trauma resulting in the placement in a suicide watch room during the 24-hours spent in custody, falsified an official police report, and wrongfully sought his incarceration by prematurely classifying the incident as a Class A crime while disregarding exculpatory evidence.

   Defendant categorically denies Plaintiff's allegations. At all times relevant to this matter, Defendant acted lawfully, within the scope of his authority, and without violating any clearly established constitutional right. Defendant is therefore entitled to qualified immunity. Moreover, the incident was captured on video, which conclusively demonstrates that Defendant's conduct was reasonable, justified, and free of any misconduct. This objective evidence directly refutes Plaintiff's claims and will serve as the basis for Defendant's forthcoming Rule 56 motion for summary judgment.

4. Specify the allegation of federal jurisdiction.

   **RESPONSE:** This Court has federal question jurisdiction over Plaintiff's constitutional claims under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

   Defendant however denies that Plaintiff has stated a claim against him upon which relief can be granted.

5. Identify the parties who disagree and the reasons.

   **RESPONSE:** Defendant denies that Plaintiff has stated a claim upon which relief can be granted. Plaintiff's allegations, even if taken as true, do not establish a violation of clearly established constitutional or statutory rights.

   Further, Defendant asserts that the claims are barred, in whole or in part, by qualified immunity, governmental immunity, and other applicable defenses. Accordingly, Defendant maintains that Plaintiff's pleadings are legally insufficient, and that dismissal is warranted. Defendant will address these issues in a forthcoming Rule 56 motion for summary judgment.

6. Identify any issues as to service or process, personal jurisdiction, or venue.

   **RESPONSE:** None.

7. List anticipated additional parties that should be included and when they can be added and identify any class or collective-action certification issues.

   **RESPONSE:** Plaintiff anticipates the potential inclusion of the Fort Bend County Sheriff's Office, a *non sui juris*.

   The proposed addition will be sought following the initial discovery phase and no later than December 15, 2025. No class or collective-action certification issues exist in this case.

8. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

   **RESPONSE:** Plaintiff contends he has already provided initial disclosures, including the official police report, judicial rulings (no probable cause and expunction order), body-camera video content, jail medical reports confirming psychological harm, other medical evidence, the internal-affairs finding of negligence, a preliminary damage estimate, and a list of potential witnesses. Defendant denies that Plaintiff has provided Initial Disclosures. In any event, Defendant will serve Initial Disclosures by October 27, 2025.

9. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    **RESPONSE:** The parties will seek attorneys' fees under 42 U.S.C. § 1988. Defendant agrees to submit the fee issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

10. Describe the proposed discovery plan, including:

    a. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

- **Initial Disclosures:**
  Defendant will provided Initial Disclosures on or before October 27, 2025, unless otherwise agreed.

- **Subjects of Discovery:**
  Discovery will address Plaintiff's allegations and claimed damages, Defendant's defenses (including qualified immunity), and any other matters relevant under Rule 26(b). Discovery may include fact witnesses, documentary evidence, videos, audio recordings, and expert testimony as permitted by the Federal Rules of Civil Procedure.

  However, Defendant anticipates filing a motion for summary judgment under Rule 56 in the coming months on the basis of qualified immunity. In light of the Fifth Circuit's directive that qualified immunity is not merely a defense to liability but an immunity from suit, discovery, if any, following the filing of such a motion should be narrowly tailored and strictly limited to issues necessary for the Court to resolve Defendant's entitlement to qualified immunity

- **Phasing of Discovery:**
  Defendant contends discovery should be conducted in phases in light of Defendant's assertion of qualified immunity. Defendant anticipates filing a motion for summary judgment under Rule 56 on that ground in the coming months.

Because qualified immunity is an immunity from suit rather than a mere defense to liability, discovery should be stayed after the filing of such a motion. To the extent the Court permits discovery before ruling on qualified immunity, such discovery should be narrowly confined to issues essential to determining Defendant's entitlement to qualified immunity.

- **Electronically Stored Information (ESI):**
Defendant agrees to preserve discoverable electronically stored information. If issues arise concerning the scope, form, or method of ESI production, Defendant will confer in good faith to develop an appropriate plan. Defendant does not presently anticipate significant disputes regarding ESI, but will raise any unresolved disputes with the Court if necessary.

- **Privileged / Work Product:**
Defendant agrees that claims of privilege or protection will be made in accordance with Rule 26(b)(5). Defendant will not request entry of a Rule 502(d) order to address inadvertent disclosure of privileged material.

- **Discovery Limitations:**
Defendant believes that discovery should be conducted in accordance with the limitations set forth in the Federal Rules of Civil Procedure and the Court's local rules, unless otherwise modified by order of the Court.

- **Other Issues:**
Plaintiff has acknowledged that certain records relevant to this case were previously expunged under state law. Notwithstanding that expunction, Defendant wishes to obtain, review, and use such records in this litigation, *i.e.*, in connection with dispositive motions, discovery responses, and at trial.

Defendant expressly reserves the right to seek appropriate relief from the Court in the event it is determined that relevant information necessary to his defense has been destroyed or rendered unavailable pursuant to any expunction order previously obtained by Plaintiff

b. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

    **RESPONSE:** Defendant believes Plaintiff will serve interrogatories and requests for production on Defendant shortly after the exchange of initial disclosures.

c. When and to whom the defendant anticipates it may send interrogatories and requests for production.

    **RESPONSE:** Defendant anticipates serving interrogatories and requests for production on Plaintiff following the exchange of initial disclosures.

    However, Defendant intends to seek a stay of discovery, or in the alternative, a limitation of discovery, on the issue of qualified immunity after the filing of his Rule 56 motion for summary judgment.

d. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

    **RESPONSE:** Defendant believes Plaintiff will take the oral deposition of Defendant, other fact witnesses, and experts identified during discovery.

e. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

    **RESPONSE:** Defendant anticipates taking the oral deposition of Plaintiff, other fact witnesses, and experts identified during discovery. Defendant does not consent to the taking of depositions by remote means, such as Zoom. This can be reasonably completed by May 29, 2026.

    However, Defendant intends to seek a stay of discovery, or in the alternative, a limitation of discovery, on the issue of qualified immunity after the filing of his Rule 56 motion for summary judgment.

f. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

> **RESPONSE:** From Defendant's perspective, there are three threshold issues. <u>First,</u> Defendant's entitlement to qualified immunity, which should be resolved at the earliest possible stage. <u>Second</u>, because qualified immunity is an immunity from suit — not merely a defense to liability — should discovery be stayed and/or limited pending the Court's ruling on Defendant's Rule 56 motion for summary judgment which will be filed in the very near future. <u>Third</u>, Plaintiff's prior expunction order. Defendant seeks permission to file and rely upon records subject to the expunction order in connection with his forthcoming Rule 56 motion for summary judgment, as they are essential to a full and fair presentation of his defenses.

g. Any experts needed on issues other than attorneys' fees.

> **RESPONSE:** At this time, Defendant does not believe expert testimony is necessary because the body-worn camera video conclusively establishes that Defendant acted lawfully and is entitled to qualified immunity. In Defendant's view, the video evidence speaks for itself and renders expert opinion unnecessary on issues of liability and/or damages. However, should Plaintiff designate experts to advance his fabricated claims, Defendant reserves the right to designate experts as needed. Such experts may include medical experts to contest allegations of physical injury, psychological experts to rebut unsupported claims of emotional or psychiatric harm, and economic experts to challenge speculative or inflated damages theories. Defendant may also designate use-of-force or law-enforcement practices experts, if necessary, to further confirm that his conduct was consistent with established training, standards, and constitutional requirements.

h.  If medical experts are needed, whether they are only treating physicians or also designated on other issues.

   **RESPONSE:** To the extent Plaintiff designates medical or psychological experts, Defendant may retain and designate experts of his own to rebut those claims, which Defendant contends are unfounded and fabricated. At this stage, the need for defense experts will depend on the scope and substance of Plaintiff's expert designations and Defendant's entitlement to the defense of qualified immunity.

i.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

   **RESPONSE:** Currently, Defendant will designate experts and serve reports by March 15, 2025. However, Defendant intends to seek a stay of discovery, or in the alternative, a limitation of discovery, on the issue of qualified immunity after the filing of his Rule 56 motion for summary judgment.

j.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

   **RESPONSE:** Defendant believes Plaintiff will take the following expert depositions:

   1. Psychological expert, to confirm the Plaintiff's PTSD, anxiety, and harm documented in jail psychiatric reports.

   2. Medical expert, to testify on the Plaintiff's physical injuries, including spinal damage, head / neck trauma, and fracture to the left arm.

3. Economic expert, to address damages such as lost income, reputational harm, expunction costs, and academic / professional setbacks.

k. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

**RESPONSE:** Defendant will depose any expert witnesses identified and designated by Plaintiff pursuant to Rule 26(a)(2)(B). At this stage, the timing of such depositions cannot be determined, as it will depend on Plaintiff's expert designations and the Court's rulings regarding the scope of discovery. Defendant does not agree to depose any witness, including experts, by remote means unless absolutely necessary.

l. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

**RESPONSE:** N/A.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE:** The discovery plan, currently, is not agreed. Defendant also intends to seek a stay of discovery, or in the alternative, a limitation of discovery, on the issue of qualified immunity after the filing of his Rule 56 motion for summary judgment.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE:** None.

13. State the date the planned discovery can reasonably be completed.

    **RESPONSE:** Defendant anticipates that, absent limitations, discovery could reasonably be completed by May 29, 2026. However, Defendant intends to seek a stay of discovery, or in the alternative, a limitation of discovery, on the issue of qualified immunity after the filing of his Rule 56 motion for summary judgment.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

    **RESPONSE:** Defendant respectfully submits that the body-worn camera video evidence squarely establishes his entitlement to qualified immunity. Defendant believes it is appropriate and necessary for the Court to review this evidence and determine, as a matter of law, whether qualified immunity bars Plaintiff's claims. While Defendant remains open to a reasonable resolution of this matter, he maintains that the most efficient path forward is to present the video evidence to the Court in a Rule 56 motion for a prompt ruling on qualified immunity.

15. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    **RESPONSE:** The parties have discussed ADR. Mediation may be appropriate, but is unlikely to be effective until discovery is complete and the facts and damages are fully developed.

16. Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

    **RESPONSE:** At this time, the parties do not consent to a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    **RESPONSE:** Plaintiff and Defendant have made timely jury demands.

18. Specify the number of hours it will likely take to present the evidence.

    **RESPONSE:** 3 days.

19. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    **RESPONSE:** Plaintiffs motion for CM/ECF access. None for Defendant.

20. List other pending motions.

    **RESPONSE:** Plaintiffs motion for CM/ECF access. None for Defendant.

    Defendant does however intend on filing (1) a motion for access to, and utilization of, records subject to Plaintiff's prior expunction order and (2) a Rule 56 motion for summary judgment seeking entitlement to the defense of qualified immunity.

21. List issues or matters, including discovery, that should be addressed at the conference.

    **RESPONSE:** There are two issues that should be addressed at the conference:

    First, the use of records that may be subject to Plaintiff's previous expunction order. Defendant seeks permission from the Court to file, and use, these records in his defense, specifically in connection with a Rule 56 motion for summary judgment. Second, the proper scope of discovery once Defendant files his Rule 56 motion for summary judgment. In particular, Defendant requests that the Court consider staying discovery altogether pending resolution of the qualified immunity defense, or, in the alternative, narrowly limiting discovery to matters directly relevant to whether Defendant is entitled to qualified immunity. Such an approach is consistent with Fifth Circuit precedent recognizing qualified immunity as not merely a defense to liability but an immunity from suit, including the burdens of discovery.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    **RESPONSE:** All parties have filed a certificate of interested persons.

23. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

- **For Plaintiff:**
  Mahmoud Abdelaziz Abdelsattar
  Self-represented (no bar number)
  *m.abdelaziz.eg.com@gmail.com*
  P.O. Box 2708
  Humble, Texas 77347
  (631) 739-5972

- **For Defendant:**
  Rolf Krueger
  State Bar No. 24080990
  Federal ID No. 3041756
  *rolf.krueger@fortbendcountytx.gov*
  Andrew Wipke
  State Bar No. 24090824
  Federal ID No. 3920393
  *andrew.wipke@fortbendcountytx.gov*
  Fort Bend County Attorney's Office
  401 Jackson Street, 3rd Floor
  Richmond, Texas 77469
  (281) 341-4555

Respectfully submitted,

Bridgette Smith-Lawson
Fort Bend County Attorney

By: */s/ Rolf F. Krueger*
    Rolf F. Krueger
    Attorney-in-Charge
    State Bar No. 24080990
    Federal ID No. 3041756
    *rolf.krueger@fortbendcountytx.gov*
    Andrew F. Wipke
    State Bar No. 24090824
    Federal ID No. 3920393
    *andrew.wipke@fortbendcountytx.gov*
    Fort Bend County Attorney's Office
    401 Jackson Street, 3rd Floor
    Richmond, Texas 77469
    (281) 341-4555
    (281) 341-4557 (Fax)

ATTORNEYS FOR DEFENDANT
DEP. GUSTAVO A. RUIZ-ALMARAZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the parties and counsel identified on the attached service list by electronic service on this the 3rd day of October, 2025.

*/s/ Rolf F. Krueger*
Rolf F. Krueger

## SERVICE LIST

Mahmoud Abdelaziz Abdelsattar
14400 US-59, Unit 1409
Humble, Texas 77369
*m.abdelaziz.eg.com@gmail.com*