# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 07 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Mahmoud Abdelaziz Abdelsattar, | § | |
| | § | |
| *Plaintiff(s),* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25−cv−03554 |
| | § | |
| Gustavo A Ruiz−Almaraz, | § | |
| | § | |
| *Defendant(s).* | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ACCESS TO EXPUNGED RECORDS AND MOTION TO STRIKE INACCURATE STATEMENTS

TEXAS LAW IS CLEAR *"The maintenance, release, dissemination or use of the records, for any purpose, expunged herein, is prohibited... "*
  *-The Code of Criminal Procedure Article 55.03.*

*"As required by the Texas Code of Criminal Procedure, Article 55.02, Section 3. It is so ORDERED. All records in your possession pertaining to the Petitioner named in the accompanying order, including any information with respect to the proceeding under this article, must be destroyed"*

*"Videotapes and audiotapes shall be expunged by erasure"*
  *— Honorable Maggie Perez-Jaramillo, Judge, 458th District Court, FORT BEND COUNTY, TEXAS. Feb 6, 2025[1]*

*"The Fort Bend County District Attorney's Office agrees to and recommends this expunction pursuant to the Texas Code of Criminal Procedure Article 55.01(b)(2) and Article 55A.101(a)(2) hereby waives any remaining time on the statute of limitations / waiting period for prosecution of the above-described offense(s)."*
  *— Mr. Mark LaForge, Assistant District Attorney, SBN: 24048600 Fort Bend County District Attorney's Office. Feb 5, 2025[2]*

---

[1] See Plaintiff's Exhibits, ECF No. 1, p13.

[2]. See id.

1

*"Records were found and were destroyed and deleted in accordance with the above Expunction Order and Tex. Code of Crim. Proc. Art. 55"*

— *Mr. Mark LaForge, Assistant District Attorney, SBN: 24048600 Fort Bend County District Attorney's Office.April 22. 2025.[3]*

*"Upon completion of that check, no documented criminal history, arrest records, or outstanding warrants were found to be on file with this agency."*

— *Marisa Mathews, Records Specialist. Fort Bend County Sheriff's Office-Records Division. July 11. 2025.[4]*

*A defendant has a statutory right to "waive any rights secured him by law" under Article 1.14(a) of the Texas Code of Criminal Procedure, and such a waiver is judicially enforceable unless the waiver is not "knowingly and intelligently made."*

—*Blanco v. State, 18 S.W.3d 218, 219 (Tex.Crim.App.2000).*

*" '[C]ourts indulge every reasonable presumption against waiver' and . 'do not presume acquiescence in the loss of fundamental rights.' "*

—*Williams v. State, 252 S.W.3d 353, 356 (Tex.Crim.App.2008), citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).*

*The trial court must ensure that "waiver is knowing, intelligent, and voluntary.*

—Arnold, 34 S.W.3d 583, 586-87 (Tex. App.-El Paso 2000. Jones, 311 S.W.3d at 505

The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary. Id. To assess whether a waiver is effective, courts consider the totality of the circumstances. This means that courts must examine "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Id.

Plaintiff, Mahmoud Abdelsattar, appearing pro se ,files this Opposition to Defendant's Motion for Access to Expunged Records and respectfully requests that the Court deny

---

[3] Sea Plaintiff's Opposed motion for Extension of Time To file responsive pleadings by Gustavo A Ruiz-Almaraz, (ECF No. 13, p9, filed on Sep 4, 2025)

[4] See id. p10.

Defendant's request. Defendant's Motion is a legally unfounded attempt to resurrect a legally destroyed record and improperly imputes false and prejudicial allegations concerning Plaintiff's conduct. Defendant's request must be denied and strike the inaccurate statement from the Defendant's filing because: (1) the records no longer exist due to a valid Texas expunction order; (2) Plaintiff did not waive his right to erasure; and (3) a federal court cannot order the resurrection of state-expunged records; and (4) Legal Effect of Misrepresentation and Its Prejudicial Impact on the Court's Record.

## I. JUDICIAL NOTICE

Defendant's request for judicial notice must be denied. The defendant attempts to introduce statements not found in the official docket or filings, and these statements concern facts that are not indisputable. Because judicial notice under Federal Rule of Evidence 201 applies exclusively to facts "not subject to reasonable dispute," the request is improper.

## II.BACKGROUND

On or about October 2, 2024, Defendant Deputy Gustavo A. Ruiz-Almaraz conducted a warrantless search of Plaintiff Mahmoud Abdelaziz, later determined by the magistrate to lack probable cause. seized his mobile devices, detained him in his patrol vehicle, and later placed him under arrest. The court subsequently found no probable cause for the search, seizure, or arrest, and no indictment was issued by the District Attorney. Thereafter, on November 6, 2024, all related records were expunged by final order of the County Court, with no objections filed by any agency.

In a separate internal affairs investigation initiated at Plaintiff's request on Jan 3, 2025 — concerning allegations that Deputy Ruiz falsified the official police report, fabricated evidence, and used excessive force — the Fort Bend County Sheriff's Office Internal Affairs Unit — **after**

**reviewing related evidence, Video, tapes, and audiotapes** — found the complaint substantiated but refused to disclose the disciplinary measures taken against Deputy Ruiz. [5]

In the interest of fairness, the District Attorney on Oct 3, 2023 and Feb 6, 2025, a formally —**after reviewing related evidence, Video, tapes, and audiotapes** — classified Plaintiff Mahmoud Abdelaziz Abdelsattar as the victim of the incident and granted him all rights and protections afforded to crime victims under Texas law. This classification followed the District Attorney's finding that no probable cause or even reasonable suspicion existed to justify Plaintiff's arrest and recommends that any record in this master shall be expunction. The determination was based on the four critical factors —location, injury pattern, admission by the alleged victim, and the absence of any complaint—and confirms that Plaintiff was wrongfully arrested despite being the true victim.

Subsequently, the Plaintiff filed this federal civil rights action against Deputy Ruiz for Violation of his constitutional rights, including these facts: fabrication of the arrest report, lack of probable cause or reasonable doubt, and use of excessive force, Discrimination based on Plaintiff's national origin and accented English, Malicious intent to harm. The Plaintiff attached the falsified police report to his complaint solely to demonstrate the falsification and support his claims. In response, the Defendant moved for access to the expunged records, arguing that Plaintiff had waived his expunction rights by attaching the report to his federal complaint. Additionally, the Defendant's motion states that "Plaintiff Mahmoud Abdelaziz-Abdelsattar was arrested and charged with assault."This mischaracterization is both legally and factually

---

[5] See Plaintiff's Original Complaint, ECF No. 1, p. 18. "The final disposition in this Internal Affairs Investigation is **Sustained**." Sustained: The definition of final disposition is that **The allegation is supported by sufficient evidence.**

incorrect. Upon review of the Plaintiff's Original Complaint (ECF No. 1, p. 1) [6], there is no statement alleging that Plaintiff "was charged with assault," as asserted by Defendant's counsel.[7]

It is undisputed that no indictment, information, or criminal complaint was ever filed against Plaintiff Mahmoud Abdelaziz Abdelsattar in connection with the events of October 2, 2024—or in any other matter. All records and proceedings related to the alleged incident were permanently expunged pursuant to a final and unchallenged order of the Fort Bend County Court. The expunction order fully restored Plaintiff's status as one who has never been arrested, charged, or prosecuted for any offense under Texas law.

Plaintiff's civil rights claims concern solely the Defendant's official conduct, not any personal or criminal history, which has been legally expunged. The Plaintiff, Mahmoud Abdelaziz Abdelsattar, has not placed his personal record at issue in this proceeding; rather, this lawsuit exclusively challenges the conduct of Deputy Ruiz.

## III. AUTHORITIES AND LEGAL ANALYSIS

### (a) Texas Expunction Law and Federal Deference

Under Texas Code of Criminal Procedure, Article 55.03, once an expunction order has been issued and executed, *no person or agency may use, release, or reference expunged records for any purpose*. The law mandates complete destruction, deletion, or return of all such records, rendering them legally nonexistent.

The Texas Supreme Court in In re State Bar of Texas, 440 S.W.3d 621 (Tex. 2014) confirmed that expunction is a *statutory privilege, not a constitutional right*, and emphasized that any waiver of this privilege must be *voluntary, knowing, and intelligent*. Similarly, in In re Expunction of D.R.R., 322 S.W.3d 771 (Tex. App.—El Paso 2010), the court enforced a waiver

---

[6] See Plaintiff's Original Complaint, ECF No. 1, p. 1 (no such allegation appears).

[7] [1] See Defendant's Motion for Access to Expunged Records, ECF No. 24, p 2 ("Plaintiff Mahmoud Abdelaziz-Abdelsattar was arrested and charged with assault.").

clause only where the defendant *knowingly and voluntarily agreed* as part of a pretrial diversion contract—circumstances entirely absent here. The Plaintiff, unlike in *D.R.R.*, never entered any such agreement, nor was any waiver ever executed.

### (b) Lack of Waiver and Misapplication of Precedent

The Court of Appeals further clarified in In re Expunction of Jones, 311 S.W.3d 502 (Tex. App.–El Paso 2009, no pet.), that waiver of expunction rights must be express and voluntary; *mere participation in subsequent litigation does not constitute waiver*. The Defendant's reliance on this case is misplaced because Plaintiff's federal complaint was not an act of waiver but a civil rights action arising from unconstitutional conduct.

The Defendant's reliance on Ulinsky v. Avignone, 148 N.J. Super. 250, 258 (App. Div. 1977) is also misguided. That case warns that litigants cannot use expungement as both a "sword and a shield," but it simultaneously reaffirmed that *law enforcement cannot disclose expunged records absent consent.* Plaintiff here gives no such consent.

The Defendant's argument misapplies *KP-0158* and related precedents. Those opinions concern defendants who entered *pretrial diversion agreements* and voluntarily waived expunction as part of negotiated conditions. By contrast, Plaintiff's case arises from a *wrongful arrest followed by prosecutorial determination of innocence and a court-ordered expunction*. No waiver, contract, or negotiation occurred. The cited authorities all presuppose a *knowing, voluntary, and intelligent waiver*, a burden that the Defendant cannot meet.

Furthermore, unlike the situations in *D.R.R.* or *Jones*, Plaintiff's expunction is not pending or conditional—it is *final and executed*. Attempting to reverse it through a federal motion constitutes an impermissible collateral attack on a valid state judgment, contrary to the principles of *comity* and *federalism*.

6

### (c) Jurisdictional and Comity Principles

Because the expunction was ordered by a Texas state district court pursuant to exclusive statutory authority, this Court lacks subject-matter jurisdiction to modify, reinterpret, or compel disclosure of expunged materials. See Younger v. Harris, 401 U.S. 37 (1971) (federal courts must refrain from interfering with valid state judicial proceedings).

## V. ARGUMENT

### (1) Expunged Records Legally Destroyed

Defendant's motion is premised on a faulty understanding of the legal effect of an expunction order under Texas law. An order of expunction is a powerful and final remedy. The relevant statute is clear: the expunged records are "destroyed, deleted, or returned to the person who is the subject of the expunction order". Plaintiff has provided proof of compliance from the Sheriff's Office and District Attorney's Office, certifying the destruction of the records.[8]

Therefore, Defendant is not asking for "access" to records; he is asking for the resurrection of documents that no longer exist. Granting such a request would render the Texas court's expunction order and the certified compliance meaningless. This Court should not undermine a valid state court order. The erasure order issued on February 6 states that: Videotapes and audiotapes shall be expunged by erasure." Permanent destruction: The process of degaussing ensures that the original magnetic patterns are permanently and irreversibly destroyed. The tape can no longer be played or read, and the data is lost forever.

### (2) No Waiver of Expunction Rights

Defendant's assertion that Plaintiff waived his right to erasure by filing this federal lawsuit is without merit.

---

[8] [8] Sea Plaintiff's Opposed motion for Extension of Time To file responsive pleadings by Gustavo A Ruiz-Almaraz, (ECF No. 13, p9,10. filed on Sep 4, 2025)

Expunction occurred first: The expunction order was granted on February 6, 2025, before this federal lawsuit was initiated. A waiver requires a knowing and voluntary relinquishment of a right. A right cannot be "waived" after it has been fully and legally exercised. The expunction is a completed legal act.

The Burden of Proof for Waiver: The El Paso precedents require a high standard for proving a knowing, voluntary, and intelligent waiver. The defendant, by relying on a separate federal filing as evidence of a retroactive waiver, cannot meet this standard.

The only recognized exception permitting access to expunged records arises where the individual who obtained the expunction has voluntarily, knowingly, and intelligently waived those protections. This principle has been consistently affirmed in Texas jurisprudence. For instance, in *Marvin Thomas v. City of Selma, Texas, et al.*, No. SA-06-CA-0119-XR, 2006 WL 2854405 (W.D. Tex. Oct. 4, 2006), and in *In re Expunction of Jones*, 311 S.W.3d 502, 505 (Tex. App.—El Paso 2009, no pet.), courts upheld disclosure only because the plaintiffs expressly consented or failed to object to such disclosure. In each of these precedents, the waiver was explicit and voluntary, forming a knowing relinquishment of a statutory privilege.

By contrast, in this case, Plaintiff has never consented to waive his expunction rights, nor executed any agreement or stipulation permitting access to expunged materials.Plaintiff explicitly refused to sign the Defendant's proposed Joint Discovery Plan—designed to secure such waiver under the guise of cooperation—and expressly reaffirmed his objection to any attempt to circumvent the expunction order.[9] (See"Plaintiff's Statement Regarding Separate Submission of Joint Discovery Plan", ECF No. 20. P 2 -6.)

**In In re State Bar of Texas,** the applicant himself voluntarily sought disclosure of his own expunged records, which led to reversal of a lower court ruling that had improperly denied such

---

[9] (See"Plaintiff's Statement Regarding Separate Submission of Joint Discovery Plan", ECF No. 20. p2 -6.)

8

disclosure. The court reaffirmed that expunction is a statutory privilege that may be waived only by the individual beneficiary, through a knowing and voluntary act—not by adverse parties, and not by implication.

Here, no such waiver exists. Plaintiff's expunction order remains fully operative, binding, and enforceable. Any attempt by the Defendant or Fort Bend County Sheriff's Office to rely upon, access, or use expunged materials constitutes a direct violation of the expunction order, subject to sanctions and potential contempt proceedings in the issuing court.

### (4) Federal Court Lacks Authority to Revive Expunged Materials

Because the expunction was ordered by a Texas state district court pursuant to exclusive statutory authority, this Court lacks subject-matter jurisdiction to modify, reinterpret, or compel disclosure of expunged materials. See Younger v. Harris, 401 U.S. 37 (1971) (federal courts must refrain from interfering with valid state judicial proceedings).

**Federal vs. state law:** Federal expungement law (which is very narrow) and state expungement law are distinct. While federal courts can access state criminal records for certain law enforcement and immigration purposes, this does not apply to a civil lawsuit.

**Comity:** The principle of comity dictates that federal courts generally respect the judgments of state courts. To grant Defendant's motion would require this Court to effectively undo a Texas court's order, which would be a severe overreach of judicial authority and undermine the integrity of the expunction process.

**Further, under In re State Bar of Texas, 440 S.W.3d 621, 624 (Tex. 2014),** petitions seeking to modify or nullify an expunction order shall be presented to the same court that issued the order, not to a federal court or any other forum. Accordingly, Defendant's current request is procedurally improper and exceeds the jurisdiction of this Court.

Under the statutory framework governing expunction, the court must formally notify all relevant law-enforcement agencies—including the Attorney General, the county prosecutor, and

9

the heads of any police departments or agencies involved in the arrest—of the application and the scheduled hearing date. This notice ensures that these entities have an opportunity to file an objection. If any agency objects, the court may deny expunction and instead order the records sealed, which allows limited release only upon motion and for good cause shown. However, if no agency objects, the court may grant full expunction, and in that event the records and all information contained therein may not be released **for any reason whatsoever.**

In this case, no law-enforcement authority—including the Sheriff's Office or the District Attorney—lodged any objection to the expunction. The state court therefore entered a final order of complete expunction.. Any motion to obtain or use such records must, as a matter of both **jurisdiction and comity**, be directed to the same state court that issued the expunction order. Consequently, the Defendant's current request before this Court is procedurally improper and **must be denied.**

## IV. MOTION TO STRIKE INACCURATE STATEMENTS

In his motion filed before this Court, defense counsel inaccurately asserted that *"Plaintiff Mahmoud Abdelaziz-Abdelsattar was arrested and charged with assault. After the charge was dismissed...".*[10] This phrasing is materially false and misleading. It implies the existence of a formal criminal charge or prosecution, when in fact no such charge was ever filed by any prosecutorial authority.

The Plaintiff was unlawfully *arrested* for 24 hr on October 2, 2024, by Dep. Ruiz (" the Defendant") but no **complaint, information,** or **indictment was ever brought by the Fort Bend County District Attorney or any agunies.** The magistrate judge found no probable cause for the arrest or search, and the District Attorney's Office expressly declined to pursue an

---

[10] [10] [1] See Defendant's Motion for Access to Expunged Records, ECF No. 24, p1,3 ("Plaintiff Mahmoud Abdelaziz-Abdelsattar was arrested and charged with assault.").

indictment. Thereafter, a Texas state district court issued a final Order of Expunction, erasing all records of the arrest and declaring the matter legally nonexistent.

## 1. Mischaracterization and Violation of the Expunction Order

Defense counsel's assertion that Plaintiff was *"charged"* constitutes a materially inaccurate representation of the procedural history. Under both Texas and federal law, an arrest is a temporary detention based on suspicion; a *charge* is a formal criminal accusation supported by a sworn complaint or indictment. *Ex parte Foster*, 960 S.W.2d 706, 709 (Tex. App.—Fort Worth 1997, no pet.).

By claiming that Plaintiff was "charged," counsel has revived an event that the Texas court ordered erased and has therefore contravened Article 55.03 of the Texas Code of Criminal Procedure, which states that once expunged, "the release, maintenance, dissemination, or use of the expunged records for any purpose is prohibited" and the incident "shall be deemed never to have occurred."

Federal courts likewise forbid the indirect reconstruction of expunged events. *United States v. Doe*, 859 F.2d 1334 (8th Cir. 1988) ("An expungement order requires complete erasure and forbids indirect reconstruction of the record by inference or description."); *In re Smith*, 656 F. Supp. 2d 1038 (W.D. Ark. 2009).

## 2. Legal Consequences and Prejudice to the Record

This misrepresentation is not a mere semantic slip—it materially distorts the record before the Court and undermines the integrity of both federal proceedings and the underlying state-court judgment. By introducing a "charge" that never existed, Defendant's filing revives a legally nullified record, implying probable cause or prosecution contrary to the findings of the magistrate and District Attorney.

11

Such conduct violates the finality of the expunction and risks contempt of the state court's decree. Federal precedent treats such misuse of expunged material as may constitute sanctionable conduct under Rule 11. *Allen v. City of Portland*, 73 F.3d 232, 235–36 (9th Cir. 1995) (referencing expunged material "subverts the effect of the expungement order"). Likewise, *Schwarz v. Folloder*, 767 F.2d 125 (5th Cir. 1985), confirms that misstatements of procedural fact in pleadings are sanctionable under Rule 11.

So, this court shall strike the inaccurate and misleading statements contained in Defendant's filing, particularly the assertion that Plaintiff was "charged with assault," and Admonish the defense counsel.

## IIV. RESERVATION OF RIGHT TO SEEK DISQUALIFICATION OF COUNSEL

The Plaintiff expressly reserves his right, at any stage of these proceedings, to move for the disqualification of Defendant's counsel, Mr. Rolf F. Krueger, and the Fort Bend County District Attorney's Office, from representing Deputy Gustavo A. Ruiz-Almaraz. This reservation is based on three serious and substantiated concerns:

1. **Improper Access to Expunged Evidence:**
   Defense counsel, acting in his official capacity within the Fort Bend County Attorney's Office, appears to have obtained or retained copies of body-camera footage and related evidence As stated during the Rule 26(f) conference held on September 24, 2025, the defense counsel expressly acknowledged that he retained a copy of the body-camera video in his possession.that were lawfully destroyed pursuant to a final state-court expunction order. His present request to use such materials constitutes an improper exploitation of his public office and a direct violation of both the expunction order and Article 55.03 of the Texas Code of Criminal Procedure.

2. The Plaintiff respectfully moves that any such evidence retained in violation of the February 6, 2025, expunction order be excluded from the record. The Plaintiff further reserves the right to pursue appropriate legal remedies, including a motion for contempt

or civil sanctions, against any party or counsel found to have unlawfully retained, accessed, or utilized expunged materials.

**3.  Conflict of Interest Due to Active Investigation:**
Deputy Ruiz remains the subject of a pending or recently concluded internal and criminal investigation conducted by the Fort Bend County District Attorney's Office arising from the same incident at issue in this lawsuit. The continued representation of the Defendant by an office involved in investigating his conduct creates an inherent and disqualifying conflict of interest.

**4.  Anticipated Witness Testimony from the District Attorney's Office:**
Plaintiff intends to call certain investigators or officials from the District Attorney's Office as witnesses at trial regarding the findings of their internal inquiry into Deputy Ruiz's conduct. Such testimony would place the Office in the untenable position of simultaneously acting as advocate and witness, contrary to the ethical constraints set forth in Texas Disciplinary Rule of Professional Conduct 3.08 and established federal precedent.

For these reasons, Plaintiff preserves his right to file an appropriate motion for disqualification and other remedial relief should this conflict or misuse of authority continue. This potential conflict not only prejudices Plaintiff but also threatens to compromise the integrity of these proceedings. See In re American Airlines, Inc., 972 F.2d 605, 611 (5th Cir. 1992) (conflict of interest that risks tainting trial integrity warrants disqualification).

## IIIV. CONCLUSION AND PRAYER

For the reasons detailed above, Plaintiff MAHMOUD ABDELAZIZ respectfully urges this Honorable Court to deny Defendant's Motion for Access to and Utilization of Expunged Records in its entirety. Defendant's request represents a clear attempt to circumvent a valid Texas state court expunction order, to misstate the procedural history of the underlying incident, and to improperly revive records that have been judicially destroyed and certified as such.

Plaintiff further **reserves the right** to seek disqualification or sanctions should defense counsel or any affiliated party continue to rely on, possess, or reference expunged materials in violation of court orders or ethical duties.

Accordingly, the Plaintiff respectfully requests that this Court:

1.  **Deny** Defendant's Motion for Access to and Utilization of Expunged Records in its entirety.

2.  **Strike** the inaccurate and misleading statements in Defendant's filing—particularly the assertion that Plaintiff was "charged with assault"—as they contradict certified state records and mislead the Court;

3.  **Admonish** defense counsel for factual misrepresentations inconsistent with the expunction decree and compliance certifications issued by the Fort Bend County District Court;

4.  **Reaffirm** the principle of comity and the finality of the state-court judgment by holding that no federal proceeding may authorize, compel, or permit access to expunged materials under Article 55.03 of the Texas Code of Criminal Procedure; and

5.  **Grant** such other and further relief as justice, equity, and judicial integrity may require, including any necessary protective or sanctions orders to ensure ongoing compliance with the expunction and to prevent further misuse of destroyed evidence.

Respectfully submitted,

By: /S// Mahmoud Abdelaziz Abdelsattar
P.O. Box 2708
Humble, TX 77347
631-739-5972
m.abdelaziz.eg.com@gmail.com
PRO SE (Self-represented)
Oct. 7, 2025

## Certificate of Service

I hereby certify that on [Oct 7 , 2025 ] a true and correct copy of the foregoing [Joint Discovery and Case Management Plan / Plaintiff's Discovery and Case Management Plan] was served on all counsel of record via electronic service through the Court's CM/ECF system and by email, pursuant to Federal Rule of Civil Procedure 5(b).

PLAINTIFF: /S// Mahmoud Abdelaziz Abdelsattar

_____

Mahmoud Abdelaziz Abdelsattar

### SERVICE LIST

**1. Rolf Frank Krueger , II**
Fort Bend County Attorney's Office
*State Bar No. 24080990*
*Federal ID No. 3041756*
*rolf.krueger@fortbendcountytx.gov*

**2. Andrew Wipke**
*State Bar No. 24090824*
*Federal ID No. 3920393*
*andrew.wipke@fortbendcountytx.gov*
*Fort Bend County Attorney's Office*
*401 Jackson Street, 3rd Floor*
*Richmond, Texas 77469*
*(281) 341-4555*

# Exhibit [X] – Annotated Copy of *In re State Bar of Texas*, 440 S.W.3d 621 (Tex. 2014)

Plaintiff attaches as **Exhibit [X]** a full and annotated copy of the Texas Supreme Court decision in *In re State Bar of Texas*, 440 S.W.3d 621 (Tex. 2014).

This exhibit demonstrates that the ruling relied entirely on the **plaintiff's express, voluntary, and intelligent waiver** of his expunction rights. The decision turned on the fact that the individual in that case **affirmatively consented** to the disclosure and reuse of expunged records, thereby creating a legally valid waiver under **Article 1.14(a) of the Texas Code of Criminal Procedure**.

By contrast, in the present case, Plaintiff **has never consented, expressly or implicitly, to any waiver** of the expunction protections ordered by the Fort Bend County District Court. The inclusion of this exhibit highlights the fundamental legal distinction between a **voluntary pre-expunction waiver**—as in *In re State Bar of Texas*—and the **post-expunction misuse of destroyed records**, as attempted here by Defendant and his counsel.

Plaintiff's attached version of this case is **fully annotated**, with highlighted portions identifying the passages that explicitly reference voluntary waiver as a condition precedent to any subsequent use of expunged material.


 **In re State Bar of Texas**
Supreme Court of Texas.    August 22, 2014 │ 440 S.W.3d 621 │ 57 Tex. Sup. Ct. J. 1253    *(Approx. 7 pages)*

In re The STATE BAR OF TEXAS.

No. 13–0161
Argued Feb. 6, 2014.
Decided Aug. 22, 2014.

## Synopsis
**Background:** Commission for Lawyer Discipline petitioned for a writ of mandamus to the district court regarding its ruling that expunction order in case underlying alleged prosecutorial misconduct precluded the Commission from relying on any expunged records.

**Holding:** The Supreme Court, Devine, J., held that order denying request by Commission to use expunged records was an abuse of discretion.

 Writ conditionally granted.

Boyd, J., concurred in the judgment and filed opinion in which Willett, J., joined.

---

### West Headnotes (6)

Change View

**1**   **Criminal Law** 🔑 Expungement and Correction
Expunction is not a right; it is a statutory privilege. Vernon's Ann.Texas C.C.P. art. 55.02.

21 Cases that cite this headnote

**2**   **Criminal Law** 🔑 Expungement and Correction
The expunction statute is an exception to the established principle that court proceedings and records should be open to the public. Vernon's Ann.Texas C.C.P. art. 55.02.

23 Cases that cite this headnote

 **3**   **Criminal Law** 🔑 Arrest Records
The expunction statute is designed to protect wrongfully-accused people from inquiries about their arrests. Vernon's Ann.Texas C.C.P. art. 55.02.

17 Cases that cite this headnote

## SELECTED TOPICS

**Criminal Law**

Criminal Records
  **Expungement of Arrestee Criminal Conviction Record**

---

**Prisons**

Good Conduct or Other Earned Credits Against Sentence
  **Criminal Record Expungement Proceeding**

---

### Secondary Sources

Judicial Expunction of Criminal | Out of Plan |
Convicted Adult in Absence of Authorizing
Statute
68 A.L.R.6th 1 (Originally published in 2011)

...Generally, the expunction of an arrest record of a person who has been acquitted is proper only where the acquittal is consistent with a finding of innocence and is not the result of legal technicaliti...

---

Right of exonerated arrestee to | Out of Plan |
fingerprints, photographs, or other criminal
identification or arrest records expunged or
restricted
46 A.L.R.3d 900 (Originally published in
1972)

...This annotation gathers and analyzes those cases wherein courts have considered the right of one who has been arrested, but subsequently exonerated, to require that his fingerprints, photographs, or ot...

---

Expunction of federal arrest rec | Out of Plan |
absence of conviction
97 A.L.R. Fed. 652 (Originally published in
1990)

...This annotation gathers and analyzes those federal cases wherein the courts have considered the right of one who has been arrested by agents of the Federal Government, but subsequently exonerated prior...

**See More Secondary Sources**

---

### Briefs

Reply Brief of Amicus Curiae Carol
Szurkowski in Support of Appellant Ray
Wallace Mettetal
2017 WL 4150502
UNITED STATES OF AMERICA, Plaintiff-
Appellee, v. Ray Wallace METTETAL, Jr.,
Defendant-Appellant.
United States Court of Appeals, Fourth
Circuit.
Sep. 11, 2017

...The issue in this case is not whether equitable expungement petitions may be heard under a court's ancillary jurisdiction after Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). ...

---

Opening Brief of Amicus Curiae | Out of Plan |
Szurkowski in Support of Appellant Ray
Wallace Mettetal
2017 WL 3007547
UNITED STATES OF AMERICA, Plaintiff-

**4** **Criminal Law** 🔍 Determination and order

Order denying request by Commission for Lawyer Discipline to use expunged records in attorney disciplinary action against prosecutor related to prosecutorial misconduct was an abuse of discretion, where acquitted defendant whose records were expunged filed the full transcript of his trial as a summary judgment exhibit in federal court, supported the Commission's use of the expunged records in the disciplinary case, and had the right to voluntarily waive his expunction rights for this purpose, and transcript was publicly available on the Internet. Vernon's Ann.Texas C.C.P. art. 55.02.

8 Cases that cite this headnote

**5** **Criminal Law** 🔍 Proceedings and Actions

A person can, in effect, unexpunge his records by putting those records at issue in another proceeding. Vernon's Ann.Texas C.C.P. art. 55.02.

2 Cases that cite this headnote

**6** **Criminal Law** 🔍 Expungement and Correction

The expunction statute's purpose is not to eradicate all evidence of wrongful conduct; thus, it could not reasonably be construed to apply to all investigative files and records generated by a state agency. Vernon's Ann.Texas C.C.P. art. 55.02.

13 Cases that cite this headnote

## Attorneys and Law Firms

*622 Gregory Max Hasley, Jennifer A. Hasley, Hasley Scarano, L.L.P., Houston, TX, for Other interested party Jon L. Hall.

Barry C. Willey, Donald S. Glywasky, Jack Duane Roady, Galveston County Crim. Dist., Galveston, TX, for Other Interested Party Jack Roady.

Christopher L. Tritico, Lloyd James Krell, Ron S. Rainey, Tritico Rainey PLLC, Houston, TX, for Other interested party Vikram Vu.

Taft Foley, The Foley Law Firm, Houston, TX, for Real Party in Interest Joshua Bledsoe.

Cynthia Canfield Hamilton, Senior Appellate Disciplinary Counsel, Laura Kathryn Bayouth, Linda A. Acevedo, Office of the Chief Disciplinary Council, Austin, TX, for Relator State Bar of Texas.

## Opinion

Justice DEVINE delivered the opinion of the Court, in which Chief Justice HECHT, Justice GREEN, Justice JOHNSON, Justice GUZMAN, Justice LEHRMANN, and Justice BROWN joined.



A person wrongfully arrested for a crime "is entitled to have all records and files relating to the arrest" expunged, if certain conditions are met. TEX.CODE CRIM. PROC. art. 55.01(a). One such condition is an acquittal. *Id.* art. 55.01(a)(1)(A). The statute thus serves to protect wrongfully-accused people by eradicating their arrest records.

In this original mandamus proceeding, the Commission for Lawyer Discipline complains that a former prosecutor, facing allegations of prosecutorial misconduct, has used an expunction order to block the Commission's prosecution. A district court has refused the Commission access to expunged criminal records for use in the disciplinary proceeding against the former prosecutor and has ordered the Commission to turn over investigative records. The grievance panel in the collateral disciplinary proceeding has construed the district court's actions as a bar to the disciplinary proceeding and granted the former prosecutor's summary judgment motion. Because we conclude that the expungement order does not bar the Commission from using records from the criminal trial in the grievance proceeding, we conditionally grant the writ.

Circuit.
July 10, 2017

...This Court "review[s] the district court's legal conclusions regarding its own subject matter jurisdiction de novo." Flame S.A, v. Freight Bulk Pte. Ltd., 762 F.3d 352, 356 (4th Cir. 2014). This Court ...

Brief of Appellee     Out of Plan
2017 WL 6015163
UNITED STATES OF AMERICA, Plaintiff - Appellee, v. Ray Wallace METTETAL, Jr., Defendant - Appellant.
United States Court of Appeals, Fourth Circuit.
Aug. 23, 2017

...FN1. References in this brief to the Joint Appendix shall be "JA _." "An issue of the district court's subject matter jurisdiction is a question of law that the Court [of Appeals] reviews de novo." Vit...

See More Briefs

**Trial Court Documents**

Doe v. United States of America  Out of Plan
2015 WL 10571522
Jane DOE, Petitioner, v. UNITED STATES OF AMERICA, Respondent.
United States District Court, N.D. California.
May 29, 2015

...JOHN GLEESON, United States District Judge: Jane Doe filed an application on October 30, 2014, asking me to expunge her thirteen-year old fraud conviction because of the undue hardship it has created f...

U.S. v. Duzyurt  Out of Plan
2019 WL 10784516
UNITED STATES OF AMERICA, v. Ismail Alkan DUZYURT a/k/a Al Paolo Duzyurt Lucci.
United States District Court, S.D. Texas.
Dec. 12, 2019

...THE DEFENDANT: pleaded guilty to count 1 of the Indictment pleaded nolo contendere to count(s) _ which was accepted by the court. was found guilty on count(s) _ after a plea of not guilty. The defen...

U.S. v. Owen  Out of Plan
2002 WL 34392480
UNITED STATES OF AMERICA, v. Jason Lamar OWEN.
United States District Court, N.D. Texas.
Feb. 22, 2002

...The government was represented by Assistant United States Attorney David Jarvis. The defendant, JASON LAMAR OWEN, was represented by Paul W. Leech. The defendant pleaded guilty to count 1 of the indict...

See More Trial Court Documents



This mandamus relates to a disciplinary proceeding against former prosecutor Jon L. Hall, who allegedly suppressed exculpatory evidence in an aggravated robbery prosecution. The Commission's involvement began in November 2011, when it received a news article about the aggravated robbery trial. The article reported that **623** Joshua Bledsoe was acquitted because the prosecutor suppressed exculpatory evidence.

The Commission began by interviewing, among others familiar with the case, the judge who presided over the trial and the attorney who represented Bledsoe. Shortly thereafter, the Commission anonymously received a partial trial transcript that included discussions between the trial judge and counsel regarding the prosecution's suppression of evidence, including a 911 tape.

In that tape, the robbery victim made statements that she later contradicted during trial. At trial, the victim identified Bledsoe as one of the robbers based partially on his race, but in the 911 call, the same witness claimed that she could not provide any description of the robbers, including race, because they wore masks.

Following its investigation, the Commission commenced a disciplinary action against Hall, the lead prosecutor in the aggravated robbery case, and Vikram Vij, an assistant prosecutor. The Commission subsequently dismissed the action against Vij. Hall elected to have his disciplinary action proceed before a grievance panel rather than in district court.



In answer to the Commission's evidentiary petition, Hall complained that he did not have access to records necessary to his defense because all records from the aggravated robbery case had been expunged. After receiving Hall's answer, the Commission, with Bledsoe's consent, filed a motion in the trial court that had presided over the criminal prosecution and signed the expunction order. The motion sought access to the expunged records for use in the pending disciplinary action. Although Hall had complained about not having access to the criminal-case records, he nevertheless responded to the Commission's motion by urging the trial court to deny access to the expunged records.

The Commission's motion was assigned to a visiting judge, sitting by assignment for the trial court. Following a hearing, the visiting judge concluded that the underlying expunction order precluded the Commission from relying on any of the expunged records and ordered the Commission to turn over all information in its possession related to Bledsoe's arrest, including the partial trial transcript. The order also barred for any purpose "any document or other evidence derived from the underlying criminal case and subject to the District Court's expunction order or derived from the arrest of J.B. and subject to the District Court's expunction order."



Meanwhile, in response to Hall's requests, the grievance panel chair ordered restrictions on the Commission's discovery in the disciplinary action. The order recited that the Commission could not acquire or use any documents or other evidence related to the underlying criminal case and expungement order until the trial court amended the expungement, if it did. Hall subsequently moved to strike the evidentiary petition, to dismiss the disciplinary proceeding, and for summary judgment. The Commission sought a stay so that it could seek relief from the trial court's order. The grievance panel denied the Commission's stay request and, based on the trial court's order, granted Hall's summary judgment motion.

The Commission has appealed the panel's summary judgment to the Board of Disciplinary Appeals and has sought review of the trial court's order in the court of appeals. The Commission advises that both reviews have been stayed, pending our review of the Commission's petition for writ of mandamus.

The Commission submits that mandamus relief in this Court is appropriate because the court of appeals cannot redress the ultimate consequence of the trial **624** court's order— the dismissal of the Commission's disciplinary action. That dismissal can only be challenged in a separate appeal to the Board of Disciplinary Appeals. The Commission submits that the attendant risk of conflicting appellate decisions that can only be reconciled in this Court suggests that present mandamus as the appropriate remedy. See, e.g., In re State Bar of Texas, 113 S.W.3d 730, 732 (Tex.2003) (concluding that mandamus was the appropriate remedy to correct district court's interference in the regulation of the legal practice). We turn then to that review.

1    2    3    Expunction is not a right; it is a statutory privilege. *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex.App.-Austin 2009, no pet.). The expunction statute is an exception to the established principle that court proceedings and records should be open to the public. *See, e.g., Express–News Corp. v. MacRae*, 787 S.W.2d 451, 452 (Tex.App.-San Antonio 1990, orig. proceeding) (recognizing constitutional right to public trials and presumptively open court records); TEX.CODE CRIM. PROC. art. 1.24 (requiring public trials). The statute is designed to protect wrongfully-accused people from inquiries about their arrests. *See Ex parte S.C.*, 305 S.W.3d 258, 263–64 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (stating "statute was enacted to prevent the record of a wrongful arrest from negatively impacting a person for the remainder of his life").

The statute provides for a truncated expunction procedure that requires neither filing a petition nor a hearing. TEX.CODE CRIM. PROC. art. 55.02 § 1. The truncated procedure commences with a defendant's request for expunction, such as a request made orally on the record by defense counsel. *Id.* The acquitted defendant must provide the trial court with certain information, including a list of all officials and agencies to be named in the expunction order and notified of the expunction proceedings. *Id.* art. 55.02 §§ 1, 2(b). Within thirty days of acquittal, the trial court is to enter the expunction order, which is prepared and filed by the prosecutor, if the acquitted defendant is not represented by counsel. *Id.* art. 55.02 § 1. The court clerk then sends a certified copy of the expunction order to the Department of Public Safety and to each of the officials and agencies named in the order. *Id.* art. 55.02 § 3(c).

"On receipt of the order, each official or agency or other governmental entity named in the order" is required to return to the court all records and files that are subject to the order or, if their return is impracticable, to obliterate all information identifying the acquitted defendant. *Id.* art. 55.02 § 5(a)(1). Any of the entities named in the order may appeal the order as in civil cases generally. *Id.* art. 55.02 § 3(a). The clerk is directed to destroy the collected files and records in some cases, but the files and records are not destroyed in the case of an acquittal. *Id.* art. 55.02 § 5(d). In acquittal cases, the clerk maintains the expunged records and files but generally only the acquitted defendant has access to them. *Id.* art. 55.02 § 5(c).



Expunction, however, is not absolute. The statute provides for exceptions, permitting the retention of records and files, if they may be needed in future criminal or civil proceedings. *Id.* art. 55.02 § 4. Article 55.02 provides two exceptions for acquittal cases which apply if "(1) the records and files are necessary [to investigate and prosecute] a person other than the person who is the subject of the expunction order; or (2) the state establishes that the records and files are necessary for use in (A) another criminal case ...; or (B) a *625 civil case, including a civil suit or suit for possession of or access to a child." *Id.* art. 55.02 § 4(a–2)(1), (2).

Bledsoe was acquitted in the underlying criminal prosecution on June 17, 2011. Despite the statute's directive that the court enter the expunction order "not later than the 30th day after the acquittal," the expunction order was not signed until December 28, 2011. By that time, the Commission's preliminary investigation into prosecutorial misconduct was virtually complete. The Commission, of course, had no direct connection to the criminal prosecution and no apparent knowledge of the expunction proceedings. The expunction order did not name the Commission as a respondent in possession of records to be expunged. Nor did the order make an exception for the Commission to use expunged records in its prosecution.

The Commission filed its Original Evidentiary Petition in the disciplinary proceeding in July 2012. Hall answered in August, complaining that the expunction order handicapped his ability to defend himself. In response, the Commission moved to modify the expunction order in the criminal trial court. The motion recited that the Commission had recently learned of the order's possible existence but that it had not been served with a certified copy of the order nor been given notice of an expunction hearing. *See* TEX.CODE OF CRIM. PROC. art. 55.02 § 3(c). The Commission requested access to records and files in the underlying criminal case for the purpose of prosecuting disciplinary proceedings against third parties.

The trial court denied the request. It further ordered the Commission to turn over any material in its investigation file related to Bledsoe's arrest and broadly ordered the Commission not to use any evidence derived from the underlying criminal case in any manner. This order, signed by the visiting judge on December 11, 2012, is the subject of the Commission's request for mandamus relief.

The Commission argues that the court's order perverts the expunction statute's purpose. It submits that a statute designed to protect an acquitted defendant's reputation has been applied to impede the disciplinary prosecution of the person accused of violating the acquitted defendant's rights. The Commission further notes that the acquitted defendant fully supports the Commission's use of the expunged records in the disciplinary case against the former prosecutor. In fact, the acquitted defendant filed a brief supporting the Commission's mandamus petition in this Court, and his lawyer appeared at oral argument. The Commission concludes that the court's application of the expunction statute is a clear abuse of discretion because it ignores the acquitted defendant's wishes, contravenes the statute's primary purpose, and interferes with the Commission's ability to prosecute the disciplinary action before the grievance panel.



4    5    We agree that the court's December 11 order, denying the Commission's request to use expunged records in the disciplinary action, is an abuse of discretion. A person can, in effect, "unexpunge" his records by putting those records at issue in another proceeding. *See, e.g., W.V. v. State,* 669 S.W.2d 376, 378–79 (Tex.App.-Dallas 1984, writ ref'd n.r.e.) (holding that retention of files was not necessary to afford protection from potential civil action because expunged records would be held by district clerk and could be retrieved if needed for subsequent proceedings; *see also Thomas v. City of Selma,* 2006 WL 2854405, *3 (W.D.Tex. Oct. 4, 2006) (holding that district clerk must produce arrest records for use in suit based on arrest). Bledsoe has done precisely **\*626** that, making his arrest and prosecution a matter of public record, by filing a federal lawsuit against Hall and other defendants based on his arrest and prosecution. The Commission advises that Hall filed the full transcript of Bledsoe's trial as a summary judgment exhibit in federal court and that it is publicly available on the Internet. *See Bledsoe v. Galveston Cnty. Dist. Attorney's Office,* No. 4:13–CV–00469, Document 52–2 (S.D. Tex. filed Feb. 21, 2013) (*available at* https:// www.pacer.gov).

The Commission argues that if an acquitted defendant can make expunged records public by filing a lawsuit based on his wrongful prosecution, he should likewise be able to make the records public by participating in a grievance proceeding based on the wrongful prosecution. Thus, if Hall can use the expunged records to defend himself in federal court, he can also use them to defend himself in the disciplinary action. And, if Hall has the right to use the expunged records, they should also be available to the Commission. The acquitted defendant supports the Commission's use of the expunged records in the disciplinary case, and we conclude that he has the right to voluntarily waive his expunction rights for this purpose. *In re Expunction of Jones,* 311 S.W.3d 502, 505 (Tex.App.-El Paso 2009, no pet.) (citing TEX.CODE CRIM. PROC. art. 1.14(a)). We conclude further that the court abused its discretion in disregarding the acquitted defendant's voluntary waiver, particularly in light of the Commission's expressed need for the records to prosecute the disciplinary proceeding.

6    The expunction statute's purpose is not to eradicate all evidence of wrongful conduct. *See Gomez v. Tex. Educ. Agency,* 354 S.W.3d 905, 917–18 (Tex.App.-San Antonio 2011, pet. denied) (holding that a police officer's eyewitness testimony in a contested case administrative hearing was not barred by an expunction order issued before the hearing, but after the administrative petition); *Ex parte S.C.,* 305 S.W.3d at 266 (holding an expunction order overbroad because it included state securities board's investigation records mentioning S.C.); *Bustamante v. Bexar Cnty. Sheriff's Civil Serv. Comm'n,* 27 S.W.3d 50, 53–54 (Tex.App.-San Antonio 2000, pet. denied) (concluding that civil service commission did not rely on expunged records or files but on officers' testimony about their personal observations). The statute thus cannot reasonably be construed to apply to all investigative files and records generated by a state agency, like the Commission in this case.

The grievance panel, however, interpreted the visiting judge's order as precluding the Commission from proceeding in the disciplinary action. The Commission argued against

the affidavit from the judge who presided over the criminal trial, but to no avail. The panel chair concluded that there was "no way we can get the evidence" and that "as [the trial court's] order stands, then we have to grant the no-evidence motion for summary judgment."

In barring the Commission's use of any document or other evidence derived from the underlying criminal case, the court construes the expunction statute at odds with the acquitted defendant's interests. A process intended to protect acquitted defendants has been used as a shield against charges of prosecutorial misconduct. Moreover, the court's order fails to consider that an expunction order may except records needed for future investigations and proceedings by a prosecutor or a law enforcement agency. TEX.CODE CRIM. PROC. art. 55.02 § 4(a–2). The exception extends not only to criminal matters, but *627 to civil cases as well. *Id.* art. 55.02 § 4(a–2)(2)(B). And, as already mentioned, an acquitted defendant who obtains an expunction may subsequently waive the statute's protection. Given the waiver expressed by the acquitted defendant, the relevance of the expunged records to the disciplinary proceeding, and the Commission's expressed need for those records, the trial court abused its discretion by extending the expungement order to the Commission and thereby interfering in the disciplinary proceeding.

An order that directly interferes with the Commission's ability to collect and present evidence is as much a direct interference in the disciplinary process as an order directed to a grievance panel itself. *See State Bar of Tex. v. Jefferson,* 942 S.W.2d 575 (Tex.1997) (orig. proceeding) (granting mandamus relief against district court that enjoined disciplinary proceedings before a grievance panel); *State v. Sewell,* 487 S.W.2d 716 (Tex.1972) (orig.proceeding) (same). Because the court's order interferes with the disciplinary process, disrupting the regulatory scheme promulgated by this Court to govern cases of attorney discipline, we conditionally grant relief and direct the trial court to vacate its order of December 11, 2012. We are confident the district court will comply, and the writ will issue only if it does not.

Justice BOYD filed a concurring opinion, in which Justice WILLETT joined.

Justice BOYD, joined by Justice WILLETT, concurring in the judgment.
The Court concludes in this case "that [an] expungement order does not bar the Commission [for Lawyer Discipline] from using records from [a] criminal trial in [a subsequent] grievance proceeding." *Ante* at 622. The Court reaches this conclusion because (1) the defendant in the criminal case "has the right to voluntarily waive his expunction rights" and has done so here, *ante* at 626; (2) the trial court's construction of the expunction statute "contravenes the statute's primary purpose" and is "at odds with the acquitted defendant's interests," *ante* at 626; and (3) the trial court's order "interferes with the disciplinary process, disrupting the regulatory scheme promulgated by this Court to govern cases of attorney discipline," *ante* at 627. In my view, the latter two reasons, even if true, provide an inadequate basis to ignore the unambiguous language of the expunction statute. But I agree with the Court's first reason and therefore concur in the judgment.

Article 1.14 of the Texas Code of Criminal Procedure affirms that a defendant in a criminal prosecution "may waive any rights secured him by law." TEX.CRIM. PROC.CODE art. 1.14(a). Article 55.01 provides a defendant a right to expunction that may be waived. *See, e.g., In re Expunction of Jones,* 311 S.W.3d 502 (Tex.App.-El Paso 2009, no pet.) (holding that a defendant knowingly waived his rights to expunction under article 1.14). The defendant in this case consented to the Commission's motion for access to the expunged records for use in the pending disciplinary action and has filed a brief in support of the Commission's petition in this Court. Article 55.01 grants a right to the defendant, not the prosecutor, and I agree that in this case the defendant has waived that right.

There is no need in this case for the Court to consider whether the trial court's order "contravenes" the expunction statute's unexpressed purpose or "interferes with the disciplinary process." Because the defendant has waived his rights under the expunction statute, I agree that the trial court abused its discretion by denying *628 the Commission access to the criminal trial record.

## All Citations

440 S.W.3d 621, 57 Tex. Sup. Ct.



**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw Precision. © 2025 Thomson Reuters | Privacy Statement | Cookie Settings | Accessibility | Supplier Terms | Contact Us | 1-800-REF-ATTY (1-800-733-2889) THOMSON REUTERS
Improve Westlaw Precision/Report an error