IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Mahmoud Abdelaziz Abdelsattar, | § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-03554 |
| Gustavo A Ruiz-Almaraz, | § § | |
| *Defendant(s)*. | § § | |

# PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIV ORDER

*—Logic is the father of law*

The defendant, Deputy Gustavo A. Ruiz-Almaraz, requests that the court deny the plaintiff's emergency motion for injunctive relief (ECF No. 30). The plaintiff, Mahmoud Abdelaziz Abdelsattar, filed the motion after the defendant cited and used exhibits that the plaintiff himself attached to his complaint (ECF No.1). The defendant argues that because the plaintiff voluntarily made these records public and central to his claims, citing them is standard and proper legal practice, not sanctionable misconduct. Furthermore, the defendant contends that any harm the plaintiff alleges is self-inflicted and that his request for injunctive relief and sanctions is baseless and must be denied.

The Defendant and his counsel rely on a clear fallacy. In civil rights litigation, particularly under 42 U.S.C. § 1983, the plaintiff must demonstrate that the underlying criminal proceedings terminated in his favor; therefore, the inclusion of

1

the state court's finding of no probable cause is **not optional but necessary under federal pleading standards**. Defendant's counsel now attempts to exploit that very procedural requirement by misrepresenting the record and falsifying the content of the state court's decision. By intentionally omitting the dispositive portion of the order (ECF No.28 p 6)—which expressly found no probable cause—and concealing it to justify his earlier false assertion that Plaintiff was "charged with assault," (ECF No.24 p1) counsel has engaged not in legitimate advocacy but in distortion and suppression of a material judicial finding. Such conduct not only misleads this Court but also constitutes a direct violation of the state expungement order, which prohibits any reference, reproduction, or use of expunged material for any purpose.

## I. ABSENCE OF ANY CONTROLLING TEXAS PRECEDENT SUPPORTING DEFENDANT'S MOTION

Although the defense counsel has cluttered the case record with **over 300 pages** of filings for this court, there is no judicial precedent in Texas that allows or authorizes a defendant to use redacted and expunged material simply to file a civil lawsuit in federal court. The only case in Texas allowing the use of redacted material, *In re State Bar of Texas 440 S.W.3d 621 (Tex. 2014)*—, involved a plaintiff who expressly and in **writing** waived his right . This was a critical distinction presented, analyzed, and explained before this court (ECF No.26 p17,18). The defendant has no similar waiver. Texas law is unambiguous: once an expunction order is entered and executed, the records "shall be deemed never to have occurred" and may not be used, released, or referenced for any purpose. *See Tex. Code Crim. Proc. art. 55.03.*

All other judicial precedents cited by the defendant's counsel are from outside Texas and have no similar factual basis to the case at bar. The Allen v. Ian C. Richardson (2018 WL 1738744) case[1] , for example, is not in Texas and is entirely inapplicable, as it was decided under a completely different set of facts in which the defendant **"did not object"** to the use of redacted materials. The defendant's failure to object in that case does not provide a legal basis for the defendant in this case to violate a state-ordered expungement and protective order.

Accordingly, this Court has but one legally supportable course: to **deny Defendant's Motion (ECF No. 24), grant Plaintiff's Opposition and Motion for Protective Order (ECF No. 26), and uphold the state court's expunction decree.** Doing so preserves judicial integrity, respects state sovereignty, and enforces the plain command of Article 55.03 that such records **"shall not be used for any reason."**

## II. ARGUMENT

*—Logic is the father of law*

### A. The Defense's Position Contradicts Its Own Conduct

1. If The defendant's counsel genuinely believed the expunged documents were "public" and usable without restriction, why did he file an **80-page motion** (ECF No. 24) and an **149-page** (ECF No 31) requesting the court's authorization to "access and utilize" them? Does not the very act of seeking judicial permission constitute an implicit admission that counsel knew, or should have known, that these expunged

---
[1] *See Defendant's Motion for Access to Expunged Records, ECF No. 24, p 70*

3

materials were not freely accessible and remained under the court's protective authority? **How can counsel now assert that no permission was required when their own filing demonstrably proves the opposite?** This is not merely an inconsistency; it is a fatal contradiction and undertaken in bad faith.

### B. Counsel's Actions Undermine the Court's Own Process

2. The Court itself deferred the Rule 26(f) conference (ECF No.27) pending resolution of the competing motions on this precise issue (ECF No. 20 & 26). Despite that, defense counsel went on to quote and embed expunged portions of the record in (ECF No. 28). By subsequently quoting and embedding these very same records in (ECF No. 28), did counsel not deliberately pre-empt the court's ruling and disregard the judicial process in a manner that obstructs the administration of justice? Does this flagrant circumvention of a pending judicial determination not constitute grounds for a finding of contempt of court and sanctionable abuse of process?

### C. The Manipulation of the State-Court Order is Misleading

3. Rather than citing the document by its exhibit or ECF number, as is standard practice, why did counsel deliberately choose to doctor the Original Magistrate Court Order Finding No Probable Cause by cutting and pasting only the lines referencing "arrest information" and omitting the consecutive, exculpatory language declaring dismissal for no probable cause? Was this selective omission designed to create a false impression of a valid criminal charge, thereby misleading the tribunal and distorting the procedural history for the court's consideration? If this isn't a clear

example of fraud against the court, then what is? The deceptive manipulation of a court order is a serious act of misconduct that strikes at the heart of judicial integrity.

4. In addition to selectively quoting from the expunged record, defense counsel attempted to retroactively justify his earlier false assertion—first made in (ECF No. 24 p1) that "Plaintiff Mahmoud Abdelaziz-Abdelsattar was arrested **and** charged with assault." To support that claim, counsel intentionally cropped the state-court order to remove the concluding paragraph, which explicitly found no probable cause and directed expunction of the record in its entirety.

5. This act represents a compounded misrepresentation: first, by fabricating a nonexistent "charge," and second, by altering the visual content of a judicial document to conceal the very finding that disproves his statement. Such conduct goes beyond mere error—it constitutes a deliberate attempt to mislead the Court and falsify the procedural history, in violation of Rule 11(b)(3) and the ethical duty of candor owed to the tribunal. See Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985) (sanctioning misstatements that distort procedural history).

### III. CONCLUSION

The defendant's bad-faith use of the plaintiff's expunged records, paired with the deliberate falsification of a court document, directly violates the explicit expunction order, federal evidentiary rules, and the fundamental integrity of this proceeding. This misconduct causes immediate and irreparable harm to the plaintiff through embarrassment and prejudice, thereby necessitating urgent judicial intervention.

The plaintiff respectfully urges the Court to immediately grant the requested emergency protective order under FRCP 26(c) to enjoin any and all further misuse of the expunged records. Furthermore, the plaintiff requests that the Court impose appropriate sanctions to deter such willful misconduct and preserve the fairness of the judicial process. This emergency relief is essential to protect the plaintiff and the court's own directives until the pending substantive motions regarding this matter (ECF No. 20, 24, 26), including any possible appeals or oppositions, can be fully and fairly adjudicated.

## V. RELIEF SOUGHT

For the foregoing reasons, Plaintiff Mahmoud Abdelaziz Abdelsattar respectfully requests that the Court:

1. Issue an emergency protective order pursuant to Federal Rule of Civil Procedure 26(c), enjoining Defendant Gustavo A. Ruiz-Almaraz and his counsel from any further use, disclosure, or reference to Plaintiff's expunged records until the complete and final adjudication of this matter, including any possible appeals or oppositions.

    A. Striking all references to the expunged records in Defendant's filings (ECF No. 28);

    B. Referring Defendant's counsel for disciplinary review for intentional misrepresentation of a court document.

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /S// Mahmoud Abdelaziz Abdelsattar
P.O. Box 2708 Humble, TX 77347
Tell: 631-739-5972
m.abdelaziz.eg.com@gmail.com
PRO SE (Self-represented)

**Certificate of Service**

I hereby certify that on [October 23th, 2025] a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF was served on all counsel of record via electronic service through the Court's CM/ECF system and by email, pursuant to Federal Rule of Civil Procedure 5(b).

PLAINTIFF: /S// Mahmoud Abdelaziz Abdelsattar

---

Mahmoud Abdelaziz Abdelsattar

### SERVICE LIST

**1. Rolf Frank Krueger, II**
Fort Bend County Attorney's Office
State Bar No. 24080990
Federal ID No. 3041756
rolf.krueger@fortbendcountytx.gov

**2. Andrew Wipke**
State Bar No. 24090824
Federal ID No. 3920393
andrew.wipke@fortbendcountytx.gov
Fort Bend County Attorney&#39;s Office
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555